STATE OF NORTH CAROLINA v. ADA MITCHELL AND JEWEL HENRY MITCHELL

No. 736SC506

(Filed 7 August 1974)

Criminal Law § 142; Searches and Seizures § 2— suspended sentence — consent to warrantless search — unannounced break-in by officers

A condition of suspended sentences by which defendants gave consent to a search of their premises for illegal liquor at reasonable hours without a search warrant is valid; however, by agreeing to such condition defendants did not agree that officers might make an unannounced break-in through a locked door, and evidence gained by such a search was not admissible in a trial of defendants for unlawful possession of nontaxpaid liquor.

---

---

APPEAL by defendants from *Lanier, Judge,* 19 February 1973 Session of Superior Court held in HERTFORD County.

This is an appeal from judgments imposing suspended sentences entered on verdicts finding defendants guilty of unlawful possession of nontaxpaid liquor, a violation of G.S. 18A-6.

·    *Attorney General Robert Morgan by Associate Attorney E. Thomas Maddox, Jr. for the State.*

*Jones, Jones & Jones by Carter W. Jones and L. Herbin, Jr. for defendant appellants.*

PARKER, Judge.

A Hertford County ABC enforcement officer and an Ahoskie City policeman testified to searching defendants' residence and finding nontaxpaid liquor therein. This evidence was sufficient to require submission of the cases to the jury and defendants' motions for nonsuit were properly denied. The question presented by this appeal is the validity of the search and the admissibility in evidence of its results.

Evidence presented at the voir dire hearing held to determine validity of the search was not in dispute. At approximately 10:30 a.m. on 4 November 1972 the officers went to defendants' residence. They did not have a search warrant. Without knocking or otherwise announcing their presence, they forced open a locked storm door which led into the kitchen at the rear of the dwelling. They immediately entered and commenced the search. Present in the house at the time were the two defendants, an older lady, and a young boy. The officers believed their entry into the house and the warrantless search were justified by the terms of suspended sentences which had previously been imposed on the defendants. By identically worded judgments entered in the district court on 18 May 1972, each defendant had been found guilty of a misdemeanor violation of North Carolina liquor laws and given a six-month prison sentence, suspended upon condition that each defendant pay a $25.00 fine and costs and not violate the prohibition laws, either state or federal, for a period of two years. Each judgment then contained the following: "[T]he defendant in open court agrees that any lawful officer of Hertford County be allowed to conduct a search of [defendant's] premises at a reasonable hour without a search warrant for the purpose of searching for illegal liquor."·

At the conclusion of the voir dire hearing the trial court found that the officers entered the house of the defendants by virtue of the provisions of the prior judgments "wherein the defendants consented for their residence to be searched without a search warrant," and therefore found "that the search was legal in all respects, and it is in evidence that the witness entered the residence of the defendants through the back door, the back storm door, which was locked at the time." On these findings the court overruled defendants' objections and allowed the officers to testify before the jury concerning the search and what they found thereby.

We find valid the conditions of the prior suspended sentences by which defendants gave consent to search of their premises at reasonable hours without a search warrant. G.S. 15-199 recognizes a wide variety of conditions which may be imposed upon suspension of sentence, many of which touch upon and curtail rights guaranteed by State and Federal Constitutions. Rights guaranteed by the Fourth Amendment may be waived, *Zap v. United States*, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946), and the voluntary consent to a warrantless search of one's premises will render competent evidence obtained by the search. *State v. Little*, 270 N.C. 234, 154 S.E. 2d 61. We see no sound reason why such waiver and consent may not effectively be given by agreeing thereto as one of the conditions of a suspended sentence. This should especially be true where, as here, such a condition is clearly designed to facilitate the State's supervision of the probationer's rehabilitation.

This is not to say, however, that the search in the present case was valid. By agreeing that the officers might "conduct a lawful search of [their] premises at a reasonable hour without a search warrant," defendants did not simultaneously waive their right to insist that the search be conducted in an otherwise lawful manner. Specifically, they did not agree that the officers might make an unannounced break-in through a locked door. Our Supreme Court has cautioned that even though police officers have a valid search or arrest warrant, ordinarily they may not enter a private home unless they first give notice of their authority and purpose and make a demand for entry. *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897. This requirement is made as much for the protection of the officers as for the protection of the occupants and their constitutional rights. *State v. Covington*, 273 N.C. 690, 161 S.E. 2d 140. The all too frequently

tragic consequences of no-knock entries have been well documented in recent years.

Here, nothing in the prior judgments gave the officers the right to break unannounced into defendants' home. They should have first announced their presence and requested entry. Had entry been refused, defendants as probationers could have been cited for violation of the terms of their probation, G.S. 15-200, and upon a finding that the conditions had been violated, the previously suspended sentences could have been put into effect.

The method of entry chosen by the officers rendered their search illegal, and the evidence obtained was not competent at defendants' trial. G.S. 15-27(a). For error in overruling their objections to this evidence, defendants are entitled to a

New trial.

Judges BRITT and MORRIS concur.