STATE OF NORTH CAROLINA V. JAMES ROBERT WINFREY

No. 7821SC1042

(Filed 6 March 1979)

**Searches and Seizures § 47— validity of warrant—truthfulness of testimony showing probable cause—effect of statute**

The statute permitting a defendant to contest the validity of a search warrant and the admissibility of evidence obtained thereunder "by contesting

State v. Winfrey

the truthfulness of the testimony showing probable cause for its issuance," G.S. 15A-978(a), permits a defendant to challenge only whether the affiant acted in good faith in the use of information employed to establish probable cause and not to attack the factual accuracy of the information supplied by an informant to the affiant. Therefore, the trial court in a hearing on a motion to suppress properly excluded questions by defense counsel which were designed to show that the supporting affidavit contained false statements and not to show bad faith on the part of the affiant.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 13 July 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 8 February 1979.

Defendant was charged in separate bills of indictment, proper in form, with felonious possession of marijuana and hashish. Prior to pleading, defendant moved to suppress the evidence on the grounds that it was obtained as a result of an unconstitutional search of his residence, and filed affidavits in support of his motion. A hearing was held on the motion in which defendant attempted to show that the affidavit on which the warrant was based contained false information that was crucial for the probable cause determination. At the end of the hearing, the court concluded "that the officer had probable cause to believe that the informer was telling the truth and that the officer acted in good faith in obtaining the search warrant" and denied defendant's motion to suppress. Defendant pleaded guilty to the charges and received a six to twelve month sentence on the marijuana charge and a three to five year sentence on the hashish charge. Both of these sentences were suspended and defendant was placed on probation for a period of five years. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Morrow, Fraser, and Reavis, by Larry G. Reavis, for defendant appellant.*

HEDRICK, Judge.

The record contains eight assignments of error, seven of which defendant has brought forward in three separate arguments in his brief. All of these assignments of error relate to evidentiary rulings by the trial judge at the hearing on defendant's motion to suppress. The affiant, a police officer, testified at

State v. Winfrey

the hearing that he took the informer to the house, gave him ten dollars, and told him to try to buy some marijuana from the occupants of the house; that the informer was gone about five minutes and was out of his sight for approximately three of these five minutes; that the informer was unable to buy any drugs but that he had been able to observe several individuals inside the house smoking marijuana. Using this information, the officer then appeared before a magistrate, obtained the search warrant, executed it and seized the drugs that were the subject of the motion to suppress.

The defendant, by cross-examination of the officer, and by testimony from the occupants of the house, attempted to establish that no strangers or persons who the occupants did not know ever gained entry to the house or could have seen any drugs on the night in question. Objections by the State's attorney to several questions by defense counsel aimed at disclosing this information were sustained by the trial judge.

The essence of defendant's argument on appeal is that the court erred "in not allowing counsel for the defendant to contest the truthfulness of the testimony showing probable cause for the issuance of the search warrant." Defendant argues that he was entitled to introduce the evidence excluded by the trial judge under the authority of G.S. § 15A-978(a), which provides:

> A defendant may contest the validity of a search warrant and the admissibility of evidence obtained thereunder by contesting the truthfulness of the testimony showing probable cause for its issuance. The defendant may contest the truthfulness of the testimony by cross-examination or by offering evidence. For the purposes of this section, truthful testimony is testimony which reports in good faith the circumstances relied on to establish probable cause.

We think that defendant attempts to read too much into this statute, and for the reasons stated below, we affirm the trial court's ruling.

The statute permits a defendant to challenge only whether the affiant acted in good faith in including the information used to establish probable cause; it does not permit a defendant to attack the factual accuracy of the information supplied by an informant

State v. Winfrey

to the affiant. This conclusion is supported by the Official Commentary to G.S. § 15A-978(a), which states in part, "[T]he testimony given in support of probable cause should be subject to challenge on the ground that it was untruthful in the sense that it was not given in good faith, but not on the ground that it was objectively inaccurate due to an honest mistake." This limited reading of the statute is in accord with the recent case of *Franks v. Delaware*, --- U.S. ---, 98 S.Ct. 2674, 57 L.Ed. 2d 667 (1978), holding:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at ---, 57 L.Ed. 2d at 672, 98 S.Ct. at 2676-77, *accord, State v. Louchheim*, 296 N.C. 314, 320-21, 250 S.E. 2d 630, 635 (1979).

Since all of defendant's questions were directed toward showing that the supporting affidavit contained false statements, and none were designed to disclose any bad faith on the part of the affiant, we hold that the trial judge properly sustained the State's objections. The court's conclusion that the police officer acted in good faith in obtaining the warrant is supported by the evidence adduced at the hearing.

Affirmed.

Judges VAUGHN and CLARK concur.