STATE OF NORTH CAROLINA v. DOUGLAS MARSHALL

No. 8826SC785

(Filed 6 June 1989)

1. **Searches and Seizures § 20— search warrant—no affidavit— sworn application sufficient**

    A search warrant in a prosecution for possession with intent to sell or deliver and trafficking in cocaine was properly issued even though a separate paper identified as an affidavit was not attached to the officers' sworn application. Defendant's argument would require that an officer submit a separate sworn affidavit even when its contents would be a duplicate of the sworn statement in the application. N.C.G.S. § 15A-244.

2. **Searches and Seizures § 24— search warrant—probable cause —variance between application and supplemental report—reliability of informant**

    Information supplied to a magistrate in a prosecution for possession of marijuana with intent to sell and deliver and trafficking in cocaine was sufficient to find probable cause where the affidavit contained underlying circumstances supporting the informant's basis of knowledge and his reliability and the informant was said to have told officers he was inside the house within the preceding 48 hours and saw cocaine being sold. Although a supplemental report from an officer did not contain an explicit recitation that the informant had been inside the house, that variance between the documents does not

STATE v. MARSHALL

[94 N.C. App. 20 (1989)]

show that officers were acting in bad faith and defendant's argument that the informant was not demonstrably reliable was without merit where the affidavit stated that officers had known the informant for four weeks and that he had supplied information that led to the arrest of nine individuals. N.C.G.S. § 15A-978(a).

3. **Searches and Seizures § 20— search warrant—failure to file with clerk—not a constitutional violation**

In a prosecution for possession of marijuana with intent to sell and deliver and trafficking in cocaine, even assuming that an application and warrant were never filed with the clerk as required by N.C.G.S. § 15A-974, that failure does not rise to the level of a constitutional violation that would require suppression of evidence.

4. **Searches and Seizures § 39— search warrant—scope of search—automobile and yard of house**

In a prosecution for possession of marijuana with intent to sell or deliver and trafficking in cocaine, a car parked fifteen feet from the front door and in the front yard of the premises named in the search warrant was within the curtilage of the house and was subject to search even though it was registered in the name of a woman who lived with defendant at the house.

5. **Searches and Seizures § 41— execution of search warrant—use of force to gain entry**

The trial court in a prosecution for possession of marijuana with intent to sell and deliver and trafficking in cocaine correctly ruled that a search was conducted in accordance with N.C.G.S. § 15A-251 and correctly denied defendant's motion to suppress based on the assertion that police used excessive force to gain admission to his house where an officer testified on voir dire that he knocked on the door of the house and announced he was a police officer and had a search warrant, heard the sounds of people running and faintly heard the word "police," and another officer kicked open the door ". . . a couple of seconds" after the knock and announcement. The evidence indicated circumstances under which the police officers could have reasonably believed that they were being denied access and that evidence could be destroyed.

STATE v. MARSHALL

[94 N.C. App. 20 (1989)]

6. **Constitutional Law § 67— identity of confidential informant— disclosure denied—no error**

The trial court did not err in a prosecution for possession of marijuana with intent to sell or deliver and trafficking in cocaine by denying defendant's motion for disclosure of a confidential informant where there was sworn testimony from the officer who had contact with the informant and who participated in a search of defendant's house that the informant was not on the premises at any time during the search. The charges against defendant were based on the seizure of cocaine and marijuana in the house in which defendant admitted residing, and were not based on or proved by any information the informant purportedly gave officers.

7. **Searches and Seizures § 45— motion to suppress evidence—denial of new hearing based on newly discovered evidence—no error**

There was no error in a prosecution for possession of marijuana with intent to sell and deliver and trafficking in cocaine in refusing to hear a renewed motion to suppress evidence based on newly discovered evidence where the new evidence consisted of a two paragraph excerpt from the arresting officer's supplemental report which had been withheld from defendant but which contained information brought out through the testimony of officers at the suppression hearing. N.C.G.S. § 15A-975(c).

8. **Criminal Law § 76.1— admissibility of inculpatory statement—denial of voir dire hearing—arguments heard at pretrial suppression hearing—no error**

There was no error in a prosecution for possession of marijuana with intent to sell or deliver and trafficking in cocaine in failing to grant a voir dire hearing to determine admissibility of an inculpatory statement where all of defendant's arguments regarding the use of his statements as evidence were heard at a pretrial hearing on defendant's motions to suppress.

9. **Criminal Law § 75.7— narcotics—statement that defendant lived in house—prior to Miranda warning—harmless error**

The trial court in a prosecution for possession of marijuana with intent to sell or deliver and trafficking in cocaine erred by admitting defendant's statement that he lived in the

house in which the narcotics were found where all the oc-
cupants of the residence were taken to the living room, were
set down under the guard of officers, and an officer asked
if anyone lived there; however, the admission of that testimony
was harmless beyond a reasonable doubt as there was other
evidence admitted without objection that defendant was a resi-
dent of the premises searched.

10. **Criminal Law § 91.6— defendant's statement—release to de-
fendant on Friday before trial on Monday—statement not
suppressed**

There was no error in a prosecution for possession of
marijuana with intent to sell or deliver and trafficking in co-
caine from the trial court's refusal to suppress testimony re-
garding a statement allegedly made by defendant where the
statement was disclosed to defendant on Friday afternoon
preceding the scheduled suppression hearing on Monday, even
though defendant had made a discovery request some four
and one-half months earlier. Although defendant had reason
to request a continuance, the court did not abuse its discretion
in refusing to grant the request; moreover, there was evidence
presented to the judge that defendant had agreed to have
all suppression motions heard at the Monday hearing even
after he had been made aware of the statement.

11. **Searches and Seizures § 45— suppression hearing—severance
of trial from codefendants—not entitled to another suppression
hearing**

Defendant in a prosecution for possession of marijuana
with intent to sell or deliver and trafficking in cocaine was
not entitled to a second hearing on his motion to suppress
based on the severance of his trial from the trials of the other
defendants.

12. **Criminal Law § 96— testimony improperly admitted—with-
drawn—no error**

Defendant in a prosecution for possession of marijuana
with intent to sell or deliver and trafficking in cocaine was
not irreparably prejudiced by testimony regarding marijuana
found in a car outside his house and the display during officers'
testimony of the bags found in the car where the trial court
refused to allow the admission of the bags and their contents
into evidence and instructed the jury not to consider the mari-

juana found outside the house in deliberating on the marijuana charge. The evidence was excluded because the State failed to link its possession or control to the defendant, not because the search of the car was unconstitutional, and there was no reason not to apply the general rule that an instruction that evidence is not to be considered accompanied by the withdrawal of that evidence cures any error in its admission.

**13. Criminal Law §§ 73.2, 33— narcotics found in house—testimony as to defendant's correspondence while on pretrial release—admissible**

There was no error in a prosecution for possession of marijuana with intent to sell or deliver and trafficking in cocaine in admitting the testimony of a pretrial release officer about where correspondence directed to defendant was sent while defendant was on pretrial release. The evidence was relevant in that it tended to show that defendant lived at the house at the time of the search and arrest, and was admissible under the business records exception to the hearsay rule because the witness testified that the record was kept in the ordinary course of business. While the witness was not the records custodian for the entire office, she had custody and control of defendant's file. N.C.G.S. § 8C-1, Rule 803(6).

**14. Narcotics § 4— possession of marijuana—trafficking in cocaine— evidence sufficient**

The trial court did not err by failing to dismiss charges of possession of marijuana with intent to sell or deliver and trafficking in cocaine where there was substantial evidence of all the material elements of the offenses charged and where defendant's constitutional rights were not violated. N.C.G.S. § 15A-954(a)(4).

APPEAL by defendant from *Downs, Judge*. Judgment entered 21 January 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 February 1989.

Defendant was tried and convicted of possession of marijuana with intent to sell or deliver and trafficking in cocaine. The charges arose from a search pursuant to a search warrant of the house at 6619 Somersworth Drive in which defendant lived, where the police found marijuana and cocaine. Defendant challenged the legality of the search and moved to suppress the evidence seized during

the search. Defendant also moved to suppress inculpatory statements he made to the police during the search. After a pretrial hearing on the motions to suppress, the court concluded that the search was legal and that defendant voluntarily gave statements after he had been made aware of his right to remain silent and of his right to counsel. From judgment imposed on the guilty verdicts, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Linwood O. Foust and David F. Williams for defendant-appellant.*

EAGLES, Judge.

## I.

Defendant argues that his motion to suppress evidence was erroneously denied. Defendant asserts five bases for his argument that the search of the house and car in the front yard was unlawful. First, defendant argues that there was no affidavit accompanying the application for a search warrant when it was presented to the magistrate as required by G.S. 15A-244. Second, defendant argues that even if the officers' sworn statement in the application is taken into account, there was insufficient evidence for the magistrate to issue the search warrant. Third, defendant asserts that the application and search warrant were not filed with the clerk as required by G.S. 15A-245(b) and, therefore, the evidence seized was obtained as a result of a "substantial violation" of Chapter 15A and must be suppressed pursuant to G.S. 15A-974. Fourth, defendant argues that the search of the car in the front yard exceeded the scope of the search authorized by the warrant. Finally, defendant asserts that the officers unlawfully broke into the house and used unnecessary force to obtain admission to the premises to serve the search warrant. We are not persuaded by defendant's arguments and affirm the trial court's denial of defendant's motion to suppress.

### A.  LACK OF AFFIDAVIT

[1] Defendant argues that because a separate paper identified as an affidavit was not submitted with the officers' sworn application, the requirements of G.S. 15A-244 were not met and the search warrant was improperly issued. G.S. 15A-244(3) requires that the

statement in the application that probable cause exists "be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause." Neither defendant nor the State have cited any reported North Carolina case directly on this point. However, there are cases where this court has stated that a sworn application which "particularly [sets] forth the facts and circumstances establishing probable cause" would be sufficient for the magistrate to determine whether probable cause exists. *See State v. Heath*, 73 N.C. App. 391, 326 S.E. 2d 640 (1985) (where one officer made sworn application for a search warrant and presented along with the application two unsworn statements, the court refers to the sworn statement in the application as the only "affidavit" which the magistrate could consider under G.S. 15A-244). Defendant's argument would require that an officer submit a separate sworn writing labeled "Affidavit" even when its contents would be a verbatim duplication of the sworn statement in the application. We disagree and find no merit in that argument.

### B. INSUFFICIENT BASIS FOR PROBABLE CAUSE

[2] Defendant next argues that, even if the sworn application is sufficient under the statute, the information provided to the magistrate was insufficient to find probable cause. Defendant asserts that the sworn statement made by the officer was too conclusory to allow the magistrate to make an independent finding of probable cause. Further, defendant argues that the officers supplied false information in the application in order to establish probable cause. Finally, defendant argues the reliability of the confidential informant was not sufficiently shown.

Probable cause means reasonable grounds to believe that the proposed search will reveal the presence of the objects sought upon the premises to be searched and that those objects will aid in the apprehension or conviction of the offender. *State v. Campbell*, 282 N.C. 125, 128-29, 191 S.E. 2d 752, 755 (1972). Probable cause cannot be shown "by affidavits which are purely conclusory." *Campbell*, 282 N.C. at 130, 191 S.E. 2d at 756. "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *Id.* at 131, 191 S.E. 2d at 756, *citing United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965). The affidavit signed by the officers in this case stated that

STATE v. MARSHALL

[94 N.C. App. 20 (1989)]

We . . . have been informed by a reliable and confidential informant that he has been inside the above address within the past 48 hours and has observed cocaine inside the residence and cocaine was being sold at that time by the above occupant [defendant]. The informant is familiar with how cocaine is packaged and sold on the streets and that he has used cocaine in the past. We have known this informant for four weeks and information provided by this informate [sic] has resulted in the seizure of controlled substances included in the N.C. Controlled Substances Act and led to the arrest of least nine individuals for violations of the N.C. Controlled Substance Act.

We do not agree with defendant's argument that the affidavit is too conclusory for a magistrate to make an independent assessment of probable cause. The affidavit contains underlying circumstances that support the informant's basis of knowledge and his reliability. The informant is said to have told the officers he was inside the house within the preceding 48 hours and while there he saw cocaine being sold. These statements constitute sufficient basis on which the magistrate could find probable cause to issue the search warrant.

Defendant also argues the officers supplied false information in their application in order to provide a basis for finding probable cause. G.S. 15A-978(a) permits a defendant to challenge the validity of a search warrant by attacking the good faith of the affiant in providing information relied upon to establish probable cause. "[I]t does not permit a defendant to attack the factual accuracy of the information supplied by an informant to the affiant." *State v. Winfrey*, 40 N.C. App. 266, 268-69, 252 S.E. 2d 248, 249, *disc. rev. denied*, 297 N.C. 304, 254 S.E. 2d 922 (1979). The basis for defendant's argument here is a two paragraph excerpt from an officer's supplemental report. The two paragraphs were deleted from a copy of the report that was given to the defendant but were subsequently provided to the defendant. The defendant argues that the officers knew this informant had not been inside the house in the past forty-eight hours. Defendant bases his argument on the fact that the only information in the report about the informant is that he rode past the premises with the officers while telling the officers about the occupants and the sale of cocaine within the house. Because the supplemental report does not contain an explicit recitation that the informant had been inside the house as the officers' affidavit stated, defendant argues the affidavit con-

tained false information. We do not agree that this variance between the documents shows the officers were acting in bad faith when they provided sworn information to the magistrate.

Defendant's final argument on the lack of probable cause issue is that the informant was not demonstrably reliable. The affidavit submitted by the officers stated that the informant had been known by them for four weeks and had supplied information that led to the arrest of nine individuals for violation of the N.C. Controlled Substance Act. "The fact that statements from the [informant] in the past had led to arrests is sufficient to show the reliability of the [informant]." *State v. Arrington*, 311 N.C. 633, 642, 319 S.E. 2d 254, 260 (1984). Defendant's argument is without merit. The information given to the magistrate here was sufficient to find probable cause for the issuance of the search warrant.

## C. FAILURE TO FILE

[3] Defendant's third argument on the motion to suppress is based on his contention that the application and search warrant were not filed with the clerk as required by statute. G.S. 15A-245(b) provides that "[t]he issuing official must retain a copy of the warrant and warrant application and must promptly file them with the clerk." Defendant argues that the application and warrant were never filed with the clerk, contrary to the trial court's finding. Defendant asserts there was no evidence on which the trial court could base its finding that the application and warrant had been filed.

Even assuming *arguendo* that there was no evidence on which the court could find that the application and the warrant had been filed, this does not require that the seized evidence be suppressed. G.S. 15A-974 states that "[u]pon timely motion, evidence must be suppressed if: (1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or (2) It is obtained as a result of a substantial violation of the provisions of this Chapter." On this record the failure to timely file these documents with the clerk after the warrant was issued does not rise to the level of a constitutional violation that would require suppression under G.S. 15A-974(1). Further, evidence will not be suppressed pursuant to G.S. 15A-974(2) unless the evidence was obtained "as a result of" a violation of Chapter 15A. *State v. Richardson*, 295 N.C. 309, 322, 245 S.E. 2d 754, 763 (1978). Since the filing of the application and warrant had no bearing on the evidence seized, the court is not required to suppress the evidence un-

der G.S. 15A-974(2). We hold that on this record defendant's motion to suppress on the basis that the magistrate failed to file the documents with the clerk was properly denied.

## D. EXCEEDED SCOPE OF WARRANT

[4] Defendant also argues that the officers exceeded the scope of the warrant by searching a car parked in the front yard, just off the driveway. The car was registered in the name of a woman who lived with the defendant at 6619 Somersworth Drive, the premises named in the search warrant. Therefore, defendant argues that evidence of the marijuana found in the trunk of the car should have been suppressed. Defendant's argument is without merit. As a general rule, "if a search warrant validly describes the premises to be searched, a car on the premises may be searched even though the warrant contains no description of the car." *State v. Reid*, 286 N.C. 323, 326, 210 S.E. 2d 422, 424 (1974). *See also State v. Courtwright*, 60 N.C. App. 247, 298 S.E. 2d 740, *rev. denied*, 308 N.C. 192, 302 S.E. 2d 245 (1983); *State v. Logan*, 27 N.C. App. 150, 151, 218 S.E. 2d 213, 214-15 (1975). The car that was searched was parked in the front yard of the premises, fifteen feet from the front door. The car was within the curtilage of the house and was subject to search under the warrant.

## E. EXCESSIVE FORCE TO ENTER

[5] Defendant's fifth and final argument concerning the motion to suppress is based on his assertion that the police used excessive force to gain entry to the house. G.S. 15A-251(1) lists the circumstances under which an officer, after announcing his identity and purpose, may break and enter the premises to execute a warrant. The officer must reasonably believe admittance is being denied or unreasonably delayed or that the premises is unoccupied. G.S. 15A-251(1). If the method of entry by police officers renders a search illegal, the evidence obtained thereby is not competent evidence at defendant's trial. *State v. Mitchell*, 22 N.C. App. 663, 207 S.E. 2d 263 (1974). At the *voir dire* hearing on defendant's motion to suppress, one of the officers who executed the search warrant testified that he knocked on the door of the house and announced he was a police officer and had a search warrant. The officer also testified that "[j]ust a couple of seconds" later, another officer kicked open the door. Other testimony from the officer was that during the time between the announcement and the opening of the door he heard the sounds of people running and faintly

heard the word "police." He also testified that he ordered the door opened "because evidence of this nature . . . is easily disposed of, and quick entry is safer for the officers." The State argues that this "quick movement from inside the house," as the officer described it, gave the officer reason to believe that admittance was being denied or unreasonably delayed. Defendant argues that the trial court based its ruling on the legality of the search on the officer's peculiar fear of drug searches.

This court has stated that "[w]hat is a reasonable time between notice and entry depends on the particular circumstances in each case." *State v. Edwards*, 70 N.C. App. 317, 320, 319 S.E. 2d 613, 615 (1984), *reversed on other grounds*, 315 N.C. 304, 337 S.E. 2d 508 (1985). The evidence here indicated circumstances under which the police officers could have reasonably believed that they were being denied access and that evidence could be destroyed. The trial court had a reasonable basis for concluding that the search was conducted in accordance with G.S. 15A-251 and defendant's motion was properly denied.

## II.

[6] Defendant argues that the trial court committed reversible error in denying his motion for disclosure of the identity of the confidential informant. Defendant asserts that his case is "on all fours" with *State v. Johnson*, 81 N.C. App. 454, 344 S.E. 2d 318, *disc. rev. denied*, 317 N.C. 339, 346 S.E. 2d 151 (1986). We disagree. In *Johnson*, the defendant was charged with several counts of possession with intent to sell or deliver and delivery of various controlled substances. The facts tended to show that defendant had sold LSD and given meprobamate to a detective and the confidential informant. The trial court denied defendant's motion for disclosure of the informant. This court ordered a new trial, stating that since the informant was a participant in the crimes for which defendant was being tried, the disclosure of the identity of the informant was essential to a fair determination of defendant's case. *Id.* at 457, 344 S.E. 2d at 320. Here, there is sworn testimony from the officer who had contact with the informant and who participated in the search that the informant was not on the premises at any time during the search. The charges against defendant were based on the seizure of cocaine and marijuana in the house in which the defendant admitted residing. The charges were not based on or proved by any information the informant purportedly gave the

officers. "In North Carolina, participation is the essential factor" and when the informant was not present at the time of the commission of the alleged offense, there is no necessity for revealing the confidential informant's name. *State v. Parks*, 28 N.C. App. 20, 26, 220 S.E. 2d 382, 386 (1975), *disc. rev. denied*, 289 N.C. 301, 222 S.E. 2d 701 (1976). Defendant has failed to make a sufficient showing that the circumstances of this case require the disclosure of the informant. *State v. Watson*, 303 N.C. 533, 279 S.E. 2d 580 (1981). Therefore, defendant's motion to compel disclosure of the confidential informant was properly denied.

## III.

[7] Defendant's third argument is that the trial court erred in refusing to hear a renewed motion to suppress the evidence found in the search. Defendant asserts that he was entitled to another hearing because of newly discovered evidence. The "new evidence" was a two paragraph excerpt from the arresting officer's "Supplemental Report" that had been withheld from defendant. Defendant relies on G.S. 15A-975(c) which states that

> [i]f, after a pretrial determination and denial of the motion [to suppress], the judge is satisfied . . . that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, he may permit the defendant to renew the motion . . . during trial.

Defendant asserts that the two paragraphs contain information that is essential to a fair determination of the motion to suppress. The State contends that the two paragraphs reveal nothing pertinent to defendant's defense and nothing that would have altered the trial court's ruling on defendant's motion to suppress.

The two paragraphs at issue are as follows:

> On 10/24/86 Officer D. A. Price and myself received information from a confidential and reliable informant that Cocaine was being sold from 6619 Somersworth Dr. We have received information in the past from this informant that has resulted in the arrest of at least nine individuals and the conviction of at least one under N.C. Controlled Substance Act.

> On this occasion the informant rode with us and pointed out the house at 6619 Somersworth Dr. and described the

occupants as a B/M, approximately 5'6" tall, 160 lbs., about 39 years of age, going by the name of Doug and also a B/F, thin build, approximately 5'2"-5'4" tall, with a light to medium complexion. The informant stated that Doug and also the B/F was selling Cocaine from the residence, but the main dealer in the house was Doug. The informant stated that Doug does not sell street users, however, he does sell to dealers on the street. The informant states that as a rule the occupants will not sell outside the house but prefers [sic] to have individuals that they know come to the house and the transactions take place inside. The informant states that the occupants are one of the main suppliers to the street dealers in the West Charlotte area.

We agree with the State that these two paragraphs are not "additional pertinent facts" that have any bearing on the defendant's motion to suppress. All of the information in these paragraphs was brought out through testimony of the officers at the pre-trial suppression hearing. The trial court acted properly within its discretion in refusing to allow defendant another suppression hearing.

IV.

[8] The defendant argues that the trial court committed reversible error in refusing to grant the defendant a *voir dire* hearing to determine the admissibility of an inculpatory statement. Defendant relies on *State v. Biggs*, 289 N.C. 522, 223 S.E. 2d 371 (1976) to argue the trial court was required to hold a *voir dire* hearing. However, the record shows that all of defendant's arguments regarding the use of his statements as evidence were heard at a pretrial hearing on defendant's motions to suppress. Defendant's motions were denied at the suppression hearing. Defendant was not entitled to another hearing on his motion, and his assignment of error is overruled.

[9] We note that it was error for the court to deny defendant's motion to suppress the defendant's statement that he lived in the house that was made prior to defendant's being read the *Miranda* warnings and prior to defendant's waiving his rights. The officer testified that "all the occupants of the residence were taken to the living room and were sat [sic] down . . ., under the guard of Officer Davis and myself and the rest of the officers. At that point I asked if anyone there lived at the residence." The occupants were not free to leave and the question was likely to produce

an incriminating response. This constituted custodial interrogation. However, the admission of this testimony was harmless beyond a reasonable doubt as there was other evidence admitted without objection that defendant was a resident of the premises searched.

V.

**[10]** Defendant's next argument is that the trial court erred in refusing to suppress the introduction of testimony regarding a recorded statement allegedly made by defendant. The defendant asserts that the State did not timely disclose the existence of the statement and the court did not allow the defendant an opportunity to examine the statement. We disagree and overrule this assignment of error.

The record shows that the suppression hearing was scheduled to be heard on a Monday and that the statement attributed to defendant was disclosed to defendant on the Friday afternoon immediately preceding the hearing date. Defendant had made a discovery request some four and one-half months earlier. Although such late disclosure of evidence would give defendant reason to request a continuance, we cannot say the court abused its discretion in refusing to grant the request. Further, there was evidence presented to the judge that, even after defendant had been made aware of the statement, he agreed to have all suppression motions heard at the Monday hearing.

VI.

**[11]** Defendant's next argument is that he was entitled to a second hearing on his motion to suppress, and that he was irreparably prejudiced by the testimony about the seven pounds of marijuana found in the car parked in the yard. Defendant argues that he is entitled to another hearing solely because his trial was severed from the other defendants' trials after the initial joint hearing on the motions to suppress. Defendant has cited no cases in support of his argument and we are not persuaded.

**[12]** Defendant also asserts that he was irreparably prejudiced by testimony regarding the marijuana found in the car. After the State had been allowed to elicit testimony from the two officers regarding the marijuana and had displayed the bags found in the car during the officers' testimony, the trial court refused to allow the admission of the bags and their contents into evidence. The court instructed the jury not to consider the marijuana found out-

STATE v. MARSHALL

[94 N.C. App. 20 (1989)]

side the house in deliberating on the charge of possession of marijuana. We disagree with defendant's assertion that the prejudice to him was irreparable. The general rule is that an instruction that evidence is not to be considered accompanied by the withdrawal of that evidence (if already admitted) cures any error in its admission. *State v. Brown*, 266 N.C. 55, 57, 145 S.E. 2d 297, 299 (1965). We see no reason why the general rule would not apply here since the error in allowing the State's witnesses to refer to the marijuana was not of constitutional dimension. As we have noted, the search of the car was not unconstitutional and the trial court did not exclude from evidence the marijuana found in the car on the basis that the search was unconstitutional. The evidence was excluded because the State failed to link its possession or control to the defendant. We find defendant's argument to be without merit.

## VII.

[13]   Defendant's next argument is based on testimony of a pretrial release officer about where correspondence directed to the defendant was sent while defendant was on pretrial release. Defendant argues that the witness' testimony was irrelevant and inadmissible. We disagree.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. 8C, Rule 401. Evidence that shortly after his arrest for these charges, the defendant gave as his address 6619 Somersworth Drive, Charlotte, tends to show that defendant lived at the house at the time of the search and his arrest. The evidence is clearly relevant.

Defendant also asserts that because the witness was not present when the defendant filled in the form and was not the record keeper for the pretrial release office, the witness' testimony was inadmissible hearsay. The witness' testimony is admissible under the exception to the hearsay rule permitting admission of business records. G.S. 8C, Rule 803(6). The witness testified that the record was kept in the ordinary course of the pretrial release office's business. She was qualified to testify on this matter because, while she was not the records custodian for the entire pretrial release office, she had custody and control over defendant's file.

STATE v. MARSHALL

[94 N.C. App. 20 (1989)]

## VIII.

[14] Defendant's final argument is that the trial court erred in denying his motion to dismiss. Defendant bases his argument on the alleged insufficiency of the evidence and on G.S. 15A-954. We disagree with defendant and overrule this assignment of error.

In reviewing a trial court's denial of defendant's motion to dismiss in a criminal case, the test is whether there is substantial evidence of all the material elements of the offense. *State v. Locklear*, 304 N.C. 534, 538, 284 S.E. 2d 500, 502 (1981). The evidence is to be considered in the light most favorable to the State. *Id.* We find that the evidence here, when considered in the light most favorable to the State, constituted substantial evidence of all the material elements of the offenses charged.

Defendant also relies on G.S. 15A-954(4) which states that a trial court must dismiss the charges against a defendant if "[t]he defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." Based on our conclusions with regard to the other issues raised by defendant, we find no merit to defendant's argument. Because defendant's constitutional rights have not been violated, his argument must fail.

Because defendant failed to argue in his brief his remaining seventeen assignments of error, they are deemed abandoned. Rule 28(b), N.C. Rules App. Pro.

After careful consideration of the record on appeal and the arguments of the defendant, we find no error.

No error.

Judges COZORT and GREENE concur.