STATE v. BECKHAM

[105 N.C. App. 214 (1992)]

———————

STATE OF NORTH CAROLINA v. WILLIE LEE BECKHAM

No. 9126SC134

(Filed 21 January 1992)

**1. Evidence and Witnesses § 1237 (NCI4th) — incriminating statement — absence of warnings — prejudicial error**

The trial court erred in denying defendant's motion to suppress his statement to the arresting officers that he had lived at a house where cocaine and drug paraphernalia were found for approximately one month, since the statement was obtained as the result of a custodial interrogation which occurred prior to defendant's being advised of his *Miranda* rights, and defendant's convictions for possession of cocaine and maintaining a place to keep a controlled substance could not stand absent evidence that defendant was in control of the premises, constructively possessed the cocaine, or maintained the house in which to keep a controlled substance.

**Am Jur 2d, Evidence §§ 545, 555-557.**

**Comment Note — Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.**

**2. Narcotics § 4 (NCI3d) — possession of drug paraphernalia — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for possession of drug paraphernalia where it tended to show that, when police officers entered the kitchen of a house, they found defendant seated at a small table holding a spoon in his hand which was covered with a white powder residue; found on the table where defendant was seated were

a "crack" pipe, a box cutter containing a razor blade, a box of plastic baggies, and a quantity of plastic bag corners; and on a mantel directly above the table where defendant sat, officers found a box of baking soda, a pair of scissors, and a mirror covered with a white powder residue.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 21, 47.**

APPEAL by defendant from *Fulton (Shirley L.), Judge.* Judgment entered 7 August 1990 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 January 1992.

Defendant was charged in proper bills of indictment with possession of drug paraphernalia in violation of G.S. 90-113.22, maintaining a place to keep a controlled substance in violation of G.S. 90-108(a)(7) and possession with intent to sell or deliver a controlled substance in violation of G.S. 90-95(a)(1).

The evidence presented at trial tends to show the following: Officers Robert C. Wallace and Douglas W. Lambert, vice officers with the Mecklenburg County Police Department, received information from a confidential informant that a "Danny" Beckham was selling cocaine on South Halsey Street in Charlotte, North Carolina. On 4 April 1990, the officers took the informant to a house at 203 South Halsey Street, searched him for contraband and money, gave him $20.00 in Mecklenburg County funds, and instructed him to go inside the house and purchase $20.00 worth of cocaine. The officers watched the informant go inside the house where he stayed for approximately two to three minutes. Upon his return, the informant handed the officers a small plastic bag containing a white powder which later field tested positive for cocaine. The officers then searched the informant finding no money or other drugs on his person.

Based upon information received as a result of the "controlled buy" conducted on 4 April 1990, the officers obtained and executed a search warrant for the house at 203 South Halsey Street on 5 April 1990. Upon arrival at the residence, the officers found four men seated on the front porch. The officers approached the house, identified themselves as police officers and announced that they had a search warrant for the premises. The four men seated on the porch were searched and their names and addresses were obtained. One of the men, George Austin of 206 South Halsey

Street, was detained after officers discovered twenty-three plastic baggies containing a white powdery substance on his person.

The police officers then announced themselves at the door of the residence and went inside. Upon entering the house, the officers found no one inside except defendant who was found in the kitchen seated at a small table holding in his hand a spoon which was covered with a white powdery residue. A "crack" pipe, a box cutter containing a razor blade, a box of plastic baggies, plastic baggie corners, and a medicine bottle in the name of "Rollins Hunter" containing a white powder, which later field tested negative for cocaine, were found on the kitchen table where defendant was seated. A box of baking soda, a pair of scissors and a mirror covered with white powder were found on a mantel above the kitchen table.

The officers then pushed defendant to the floor and handcuffed him. The search warrant was read to him and a copy of the warrant was given to him. After handcuffing defendant, Officer Lambert asked him two questions: (1) "Where is Danny Beckham?" and (2) "Do you live here?" Defendant responded that Danny Beckham was not there and that he had lived at 203 South Halsey Street for approximately one month.

A search of the house revealed a small plastic baggie containing a white powder substance later determined to be cocaine hidden beneath the carpet in the living room near the front door.

The jury found defendant guilty of all the charges against him, and the offenses were consolidated for judgment. From a judgment imposing a prison sentence of five years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General William B. Ray, for the State.*

*Assistant Public Defender Kathleen Arundell for defendant, appellant.*

HEDRICK, Chief Judge.

[1] The critical question raised by this appeal is whether the trial court erred in denying defendant's motion to suppress his statement to police officers that he had lived at the house at 203 South Halsey Street for approximately one month. Defendant argues the statement was obtained as the result of a custodial interroga-

tion which occurred prior to defendant being advised of his constitutional rights as set out in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694 (1966). We agree.

In *State v. Marshall*, 94 N.C. App. 20, 380 S.E.2d 360, *appeal dismissed, disc. review denied*, 325 N.C. 275, 384 S.E.2d 526 (1989), this Court held that it was error for the trial court to admit into evidence defendant's statement that he lived in the house where a search for drugs was taking place prior to defendant being read his *Miranda* rights. *Id.* at 32, 380 S.E.2d at 367. This Court stated that a custodial interrogation had taken place since "[t]he occupants were not free to leave and the question was likely to produce an incriminating response." *Id.* at 33, 380 S.E.2d at 368.

In *Marshall*, however, this Court found that the error was harmless beyond a reasonable doubt because there was other evidence admitted tending to show that defendant was a resident of the premises searched. *Id.* In the present case, there is no other evidence tending to show that defendant was a resident of the premises in question, and the error here is clearly prejudicial.

Our determination that the court erred in denying defendant's motion to suppress his statement resolves the question of whether the court erred in denying defendant's motion to dismiss the charges of possession of the cocaine found hidden under the living room carpet and maintaining a place to keep a controlled substance. As noted above, there is no evidence that defendant was in control of the premises, or constructively possessed the cocaine, or that he maintained a place to keep a controlled substance. Thus, the trial judge erred in denying defendant's motion to dismiss the charges of possession of the cocaine and maintaining a place to keep a controlled substance, and the judgment with respect to these charges will be reversed.

[2] Defendant's contention that the court erred in not dismissing the charge of possession of drug paraphernalia is without merit. The evidence presented tends to show that when the police officers entered the kitchen of the house they found defendant seated at a small table, holding a spoon in his hand which was covered with a white powder residue. Found on the table where defendant was seated were a "crack" pipe, a box cutter containing a razor blade, a box of plastic baggies, and a quantity of plastic baggie corners. On a mantel directly above the table where defendant was seated, a box of baking soda, a pair of scissors and a mirror covered

with a white powder residue were found. This evidence is clearly sufficient to show that defendant actually possessed items of drug paraphernalia, and the trial court correctly denied defendant's motion to dismiss with respect to this charge.

As to defendant's contention that the trial court erred in denying his motion to suppress the evidence obtained as a result of the search, assuming *arguendo*, that defendant has standing to raise the question of the validity of the search warrant, we hold the search warrant was based on sufficient facts to support a finding of probable cause under the totality of the circumstances.

The result is: With respect to the charges of possession with intent to sell or deliver cocaine, case number 90-25771 and maintaining a place to keep a controlled substance, case number 90-25772, the judgment will be reversed; with respect to the charge of possession of drug paraphernalia, we find no error in the trial and the cause will be remanded for resentencing in case number 90-25773.

Reversed in part; remanded in part for resentencing.

Judges WELLS and JOHNSON concur.