STATE OF NORTH CAROLINA
v.
MICHAEL LAMONT MEDLEY
No. COA05-750
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Guilford County Nos. 03 CRS 780957;, 03 CRS 70958.
Attorney General Roy Cooper, by Assistant Attorney General Jane Ammons Gilchrist, for the State.
Walter L. Jones and Gary B. Goodman, for defendant-appellant.
CALABRIA, Judge.
Michael Lamont Medley ("defendant") appeals from judgments entered on jury verdicts of guilty of two counts of trafficking in marijuana and one count of conspiracy to traffic in marijuana. We find no error.
On the afternoon of 9 January 2003, Officer T.S. Kroh ("Kroh"), a vice and narcotics detective with the Greensboro Police Department ("Greensboro P.D."), obtained a search warrant for a residence located at 320 West Vandalia Road in Greensboro, North Carolina ("the residence") based on information received from a confidential, reliable informant ("the informant"). The informant provided information that drugs were being sold at the residence on the day of defendant's arrest. This same informant participated in two controlled purchases of marijuana from the residence in the two months preceding execution of the warrant.
The Greensboro P.D. officers who executed the warrant on that evening were positioned at the front and back doors of the residence. Officer Jeffrey Godfrey ("Godfrey"), a Greensboro P.D. officer, testified at trial that he assisted Kroh and was positioned at the back door of the residence. Godfrey further testified that after hearing officers at the front door knock and announce "Greensboro Police, Search Warrant" three times, the officers forced entry into the residence. At that point, Godfrey observed a person, later identified as defendant, run downstairs and then to the back door. Defendant opened the back door, at which point Godfrey and another officer identified themselves, shined their flashlights at defendant, and requested that he "get down." Defendant slammed the door and ran back inside the house.
Godfrey subsequently entered the house and saw large blocks of marijuana on a table and chair, some of which had been cut into smaller units. Additionally, he found a duffle bag containing marijuana residue and coffee beans, a small block of marijuana in a kitchen drawer, and packaging materials on the counters. Officers eventually found defendant downstairs in the corner of a dark room that had been painted black. Officers searched defendant for weapons and took him upstairs. In addition to defendant, officers also found Jeffrey Carter ("Carter") and Matthew Cogdell ("Cogdell") in the residence. A Guilford County Grand Jury subsequently indicted defendant on two counts of trafficking in marijuana and one count of conspiracy to traffic in marijuana. This matter was tried in Guilford County Superior Court, and a jury found defendant guilty of all counts. The trial court consolidated both trafficking convictions and sentenced defendant to a minimum of 25 to a maximum of 30 months in the North Carolina Department of Correction with a $5000 fine for the trafficking convictions. On the conspiracy to traffic in marijuana conviction, the trial court also sentenced defendant to 25 to 30 months imprisonment, to run concurrently with the trafficking convictions. Defendant appeals.
On appeal defendant initially argues that "the trial court committed reversible error by denying defendant's pre[-]trial motion to compel the identity of the confidential informant who provided information to the state that was used to procur defendant's arrest and conviction." This Court has held, "the state is privileged to withhold from a defendant the identity of a confidential informant, with certain exceptions." State v. Newkirk, 73 N.C. App. 83, 85, 325 S.E.2d 518, 520 (1985). An exception requiring disclosure exists "where the informer directly participates in the alleged crime so as to make him a material witness on the issue of guilt or innocence." State v. Ketchie, 286 N.C. 387, 390, 211 S.E.2d 207, 209 (1975). Disclosure is not ordinarily necessary, however, where the informant does not participate in the offense or help arrange its commission. In such a case, the informant is a "mere tipster" who only supplies a lead to law enforcement officers. See State v. Grainger, 60 N.C. App. 188, 298 S.E.2d 203 (1982).
In the case sub judice, the informant was not present at the time of the execution of the search warrant, and although he made a controlled purchase earlier in the day, none of defendant's charges were based on that purchase. Rather, the previous purchases by the informant were used solely to establish probable cause for the purpose of obtaining a search warrant. Accordingly, we hold that defendant has "failed to make a sufficient showing that the circumstances of this case require the disclosure of the informant." See State v. Marshall, 94 N.C. App. 20, 31, 380 S.E.2d 360, 366-67 (1989) (citations omitted).
Defendant next argues, "the trial court committed reversible error by instructing the jury that it could consider defendant's alleged flight as evidence of guilt." In determining whether an instruction on flight is warranted, the relevant inquiry is "whether there is evidence that defendant left the scene . . . and took steps to avoid apprehension." State v. Levan, 326 N.C. 155, 165, 388 S.E.2d 429, 434 (1990). Our Supreme Court has held, "A trial court may not instruct a jury on defendant's flight unless there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged." State v. Anthony, 354 N.C. 372, 425, 555 S.E.2d 557, 590 (2001).
Based upon defendant's testimony, there is evidence supporting an instruction on flight. Defendant testified that he opened the rear door, slammed it, ran into a dark room, and hidunder a glass table. While there is no evidence defendant actually left the scene, in this case a house surrounded by Greensboro P.D. officers at the exits, there was evidence from which a jury could find that defendant attempted to flee when he tried to escape through the back door and that he then fled from the police and took steps to avoid apprehension by hiding in the dark room under the table. On these facts, we hold that the evidence "reasonably support[ed] the theory that defendant fled after commission of the crime charged," Anthony, supra, and "took steps to avoid apprehension." Levan, supra. Accordingly, we hold that the trial court properly instructed the jury.
Defendant's final argument on appeal addresses the issue of whether "the trial court committed reversible error by refusing defendant's request to charge the jury pursuant to pattern[] jury instruction 104.15 that it could consider the criminal conduct of a third party as evidence of the third party['s] exclusive possession of the marijuana for which defendant was convicted." On appeal, this Court reviews jury instructions "in their entirety." Estate of Hendrickson v. Genesis Health Venture, 151 N.C. App. 139, 150-51, 565 S.E.2d 254, 262 (2002). The "appealing party must show not only that error occurred in the jury instructions but also that such error was likely, in light of the entire charge, to mislead the jury." Id. Moreover, our Supreme Court has held, "the trial court is not required to give the exact instructions requested by a defendant. Instead, requested instructions need only be given in substance if correct in law and supported by the evidence." State v. Morgan, 359 N.C. 131, 169, 604 S.E.2d 886, 909 (2004) (citations omitted).
Defendant cites to State v. Cotton, 318 N.C. 663, 351 S.E.2d 277 (1987), and related cases in support of his argument that N.C. R. Evid. 404(b) (2005) can be used by the defendant to introduce similar crimes of another. Defendant's argument continues that because Rule 404(b) can be used in this manner, the trial court should have given pattern jury instruction 104.15, which relates to Rule 404(b). See N.C.P.I.Crim. 104.15 (1984). While we agree that Rule 404(b) can be used by any party, the trial court properly determined that the pattern jury instruction on these facts is inapplicable. The pattern jury instruction is a limiting instruction used when evidence of "other crimes, wrongs, or acts" has been introduced for a reason other than to prove that a person acted in conformity therewith. N.C.P.I.Crim. 104.15. See also Rule 404(b). Defendant would have the trial court instruct the jury "it could consider the criminal conduct of a third party as evidence of the third party's exclusive possession of the marijuana for which defendant was convicted." This is not the purpose of the pattern jury instruction; rather, the instruction explains to juries that they can use the other crimes or bad acts evidence for a purpose other than showing that a person acted in conformity therewith. See N.C.P.I.Crim. 104.15. Moreover, defendant's requested instruction was tantamount to a request for a special instruction. According to State v. McNeil, 346 N.C. 233, 239-40, 485 S.E.2d 284, 288 (1997) (citations omitted),requests for special instructions should be in writing. For the foregoing reasons, the trial court did not err in failing to give the requested instruction.
No error.
Judges BRYANT and JOHN concur.
Report per Rule 30(e).