STATE OF NORTH CAROLINA v. RUSSELL HARMAN WHITE

No. COA06-1264

(Filed 3 July 2007)

**Search and Seizure— knock and announce search warrant— motion to suppress evidence**

The trial court erred in a drug case by granting defendant's motion to suppress evidence under N.C.G.S. § 15A-979(c) that was obtained during law enforcement's search of defendant's home under a valid search warrant even though there was no evidence as to why the law enforcement team was given the command to execute a forced entry into defendant's dwelling, because: (1) the trial court's findings fail to support its conclusion of law that law enforcement's substantial violation when executing a knock and announce warrant under N.C.G.S. § 15A-251 requires suppression of the evidence seized as fruit of the poisonous tree to deter future violations; (2) as long as the evidence at issue was not discovered as a direct result of the entry but as a result of the later search conducted under the valid search warrant, the evidence is admissible despite a substantial violation of N.C.G.S. § 15A-251; and (3) the search in the instant case was conducted sometime after the forced entry, and only after the occupants were secured and defendant was read a copy of the warrant and his Miranda rights.

Appeal by the State from order entered 26 July 2006 by Judge Carl R. Fox in Chatham County Superior Court. Heard in the Court of Appeals 25 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen, for defendant.*

LEVINSON, Judge.

The State appeals an order granting defendant's motion to suppress evidence pursuant to N.C. Gen. Stat. § 15A-979(c) (2005). We reverse.

The evidence presented at the evidentiary hearing on defendant's motion to suppress tended to show the following: During June

2006, Phillip Cook, a narcotics unit investigator with the Chatham County Sheriff's Department, sent individuals designated as "confidential reliable sources" (CRS) to a mobile home located at 2135 Staley Snow Camp Road to make "controlled purchases" of cocaine on three separate occasions. On each of the occasions, the CRS reported that they had entered the residence through a side door and that they had purchased a quantity of cocaine from a man later identified as defendant.

Based on the controlled purchases, Cook obtained a warrant on 29 June 2005 to search defendant's residence for illegal narcotics. Before executing the warrant, Cook briefed his team of law enforcement officers (SIRT Team) regarding information received from the CRS pertaining to the residence and its occupants. Cook informed the team that there might be multiple people in the house; that firearms had been seen in the house; and that there was a large dog at the side of the residence held by a chain.

At approximately 10:00 p.m. on 29 June, the law enforcement team executed the search warrant. The team assembled in a line of five persons, with Deputy Jay Calendine in the lead. Calendine knocked and announced law enforcement's presence, and the team waited approximately five seconds. After not receiving any response, Calendine gave the signal for entry and the team executed a forced entry. Calendine was not present at the suppression hearing in Superior Court to testify regarding, *inter alia*, the rationale for giving the signal to break and enter into the premises. Ballard, who was second in line, used a battering ram to break down the door. Following entry, the residence was secured and defendant was read a copy of the search warrant. Defendant was also read his *Miranda* rights.

Upon entry, the officers observed several adults and one teenager inside the residence. After securing defendant and the other occupants of the residence, a search was conducted pursuant to the warrant. Crack cocaine in a cellophane bag was located in the bottom of a deep fryer located in the kitchen. Inside of another deep fryer, located next to the first, two semi-automatic pistols, ammunition, digital scales and razor blades were found. Additionally, $1,000.00 was found in a deep fryer underneath the grease pan. When confronted with the crack cocaine, defendant stated that the cocaine "belonged" to him. Defendant was searched and $457.00 was seized, including $15.00 that matched money used during the earlier controlled purchases.

At the conclusion of the hearing, the trial court entered a written order granting the motion to suppress. The court made the following pertinent findings of fact:

1. Deputy Brandon Jones was working on June 30, 2005, at 2145 as Commander of the SIRT Team for the Chatham County Sheriff's Department for the service of a search warrant and developing an entry plan of the search of the residence.

2. The residence was a double-wide trailer (modular home) and the search was for purpose of discovering drugs. Officers were concerned about the possible destruction of evidence, drugs, but Deputy Jones gave no specific reasons as to why they were concerned about the destruction of the drugs.

3. Deputy Jones assigned another Deputy, Jay Calendine, to knock and announce an entry. The normal entry point for occupants and visitors to the residence was the side door.

4. Deputy Jay Calendine went to the front door of the residence, knocked on the door, and announced the presence of the Sheriff's Department Deputies for the purpose of searching the premises.

5. Deputy Jones did not know whether the front door was locked or unlocked and he could not remember how long they waited before they gained entry by force.

6. Deputy Jones was fourth in a stack of five officers when Deputy Jay Calendine gave the signal and entry was made to the premises using a breaching tool or battering ram and shield as authorized for entry to the residence.

7. Deputy Calendine was unavailable to testify and Deputy Jones did not know why Deputy Calendine gave the signal to forcibly enter the premises. Deputy Jones was unable to hear what was going on in the residence. He also did not make any personal observations about "the officers admittance being denied or any unreasonable delay or the premises being unoccupied or evidence being destroyed." Jones testified they may have waited five second or more.

8. Russell H. White was in the dwelling with other individuals. However, Deputy Jones was unaware of where the other people were after they gained entry to the residence.

. . . .

13. No nuisance calls had been received about the residence, no one had ever answered the door armed with a weapon and the home was not fortified in any way.

14. After obtaining a search warrant, the officers discussed an operations plan for service of the search warrant. The officers were aware that they could encounter multiple subjects, but no children, at the residence. According to the confidential informant, there were firearms inside the residence.

. . . .

16. A large dog was chained near the side door, but was not aggressive and could not reach the side door. However, the dog barked when visitors approached the residence.

The trial court made the following conclusions of law:

1. The entry by force of the Defendant's residence violated the Fourth Amendment to the United States Constitution against unreasonable searches and seizures and the entry by force was a "substantial violation" of N.C.G.S. 15A-251, because there was no evidence before the Court that "the officer' admittance was being denied or unreasonably delayed, or that the premises were unoccupied" at the time of forced entry to execute the search warrant.

2. The entry by force of the Defendant's residence was a violation of the Defendant's Fourth Amendment Right under the U.S. Constitution against unreasonable searches and seizures and the entry was a "substantial violation" of N.C.G.S 15A-251 that "protects the Defendant and other occupants of his residence, the Defendant's residence, real property, and personal property as well as the law enforcement officers searching the Defendant's residence from injury and bodily harm." This "substantial violation" requires suppression of the evidence seized as "fruit of the poisonous tree" to deter future violations.

The trial court suppressed the evidence discovered during the execution of the warrant, and suppressed the inculpatory statement made by defendant that the cocaine belonged to him. The State now appeals.

On appeal, the State contends that the trial court erred by granting defendant's motion to suppress evidence obtained during law enforcement's search of defendant's home pursuant to the valid search warrant. It does not challenge the court's conclusions that

the entry by police constituted a violation of the Fourth Amendment and a substantial violation of N.C. Gen. Stat. § 15A-251 (2005). Instead, the State contends that there was an insufficient "nexus" between the improper entry to the residence and the evidence to support the suppression of the evidence, and that the evidence was not obtained "as a result of" a substantial violation of G.S. § 15A-251. Defendant concedes that law enforcement's actions would not require suppression of the evidence under the Fourth Amendment to the federal constitution, citing *Hudson v. Michigan,* —— U.S. ——, 165 L. Ed. 2d 56 (2006), but argues that the manner of entry constitutes a violation of G.S. § 15A-251 and must be suppressed by operation of G.S. § 15A-974.

> Generally, an appellate court's review of a trial court's order on a motion to suppress is strictly limited to a determination of whether its findings are supported by competent evidence, and in turn, whether the findings support the trial court's ultimate conclusion. Where, however, the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal. . . . Accordingly, we review the trial court's order to determine only whether the findings of fact support the legal conclusion[s]. . . .

*State v. Roberson,* 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36 (2004) (internal quotation marks and citations omitted).

In the instant case, the State has not challenged any of the trial court's findings of fact. The findings are therefore deemed supported by competent evidence and binding on appeal. We are therefore left to determine whether the findings support the trial court's legal conclusions. After careful review, we conclude that the trial court's findings fail to support its conclusion of law that law enforcement's " 'substantial violation' [of G.S. § 15A-251] <u>requires suppression</u> of the evidence seized as 'fruit of the poisonous tree' to deter future violations." (underlining added).

Section 15A-251 codified the manner in which knock and announce warrants are to be executed in North Carolina. The statute provides:

> An officer may break and enter any premises or vehicle when necessary to the execution of the warrant if:
>
> (1) The officer has previously announced his identity and purpose as required by G.S. 15A-249 and reasonably believes either

that admittance is being denied or unreasonably delayed or that the premises or vehicle is unoccupied; or

(2) The officer has probable cause to believe that the giving of notice would endanger the life or safety of any person.

Section 15A-251(1) "lists the circumstances under which an officer, after announcing his identity and purpose, may break and enter the premises to execute a warrant." *State v. Marshall*, 94 N.C. App. 20, 29, 380 S.E.2d 360, 366 (1989). "The officer must reasonably believe admittance is being denied or unreasonably delayed or that the premises is unoccupied." *Id.* (citation omitted). This Court has stated that "[w]hat is a reasonable time between notice and entry depends on the particular circumstances in each case." *Id.* at 30, 380 S.E.2d at 366. "If the method of entry by police officers renders a search illegal, the evidence obtained thereby is not competent evidence at defendant's trial." *Id.* at 29, 380 S.E.2d at 366 (citing *State v. Mitchell*, 22 N.C. App. 663, 207 S.E.2d 263 (1974)).

In the present case, the State and defendant both agree that a substantial violation of G.S. § 15A-251 occurred because there was no evidence as to why the SIRT team was given the command to execute a forced entry into defendant's dwelling. However, not all infringements of G.S. § 15A-251 require the suppression of evidence.

G.S. § 15A-974 provides, in pertinent part, that evidence must be suppressed if:

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

a. The importance of the particular interest violated;

b. The extent of the deviation from lawful conduct;

c. The extent to which the violation was willful;

d. The extent to which exclusion will tend to deter future violations of this Chapter.

Our Supreme Court has articulated that:

G.S. 15A-974(2) provides that evidence obtained as a result of a substantial violation of the provisions of Chapter 15A must, upon

timely motion, be suppressed. The use of the term result in this statute indicates that a causal relationship must exist between the violation and the acquisition of the evidence sought to be suppressed. . . . [E]vidence will not be suppressed unless it has been obtained as a consequence of the officer's unlawful conduct . . . . The evidence must be such that it would not have been obtained but for the unlawful conduct of the investigating officer.

*State v. Richardson*, 295 N.C. 309, 322-23, 245 S.E.2d 754, 763 (1978) (internal quotation marks and citations omitted). As long as "[t]he evidence at issue was not discovered as a direct result of the entry but as a result of the later search conducted pursuant to the valid search warrant", the evidence is admissible despite a substantial violation of G.S. § 15A-251. *State v. Knight*, 340 N.C. 531, 548, 459 S.E.2d 481, 492 (1995).

Here, the search was conducted sometime after the forced entry, and only after the occupants were secured and defendant was read a copy of the warrant and his *Miranda* rights. It was only then that the search of the premises revealed contraband inside two deep fryers in a room not connected to the point of entry. Defendant does not challenge the search warrant as unsupported by probable cause. And the cocaine would have likely been located even in the absence of the forced entry. *See State v. Vick*, 130 N.C. App. 207, 219, 502 S.E.2d 871, 879 (1998).

We conclude that the contraband was not subject to suppression because it was not obtained "as a result of" the improper entry. The trial court erred by suppressing the contraband and defendant's inculpatory statement.

Reversed.

Judges McGEE and JACKSON concur.