STATE OF NORTH CAROLINA v. JOHNNY REID

No. 115

(Filed 30 December 1974)

**Searches and Seizures § 4— warrant to search service station — search of car on premises — admissibility of evidence seized**

In a prosecution for the unlawful possession for sale of more than one gallon of alcoholic beverages upon which tax had been paid, evidence seized from defendant's car which was parked on his service

station lot was properly admitted where officers searched the premises under a valid warrant which described them with particularity but did not specifically describe the vehicle parked thereon.

APPEAL by defendant, Johnny Reid, from a decision of the Court of Appeals filed October 2, 1974, finding no error in his trial, conviction and sentence by *Judge Armstrong* in the Superior Court of FORSYTH County at the November 19, 1973 Session, for the unlawful possession for sale of more than one gallon of alcoholic beverages upon which tax had been paid.

*Robert Morgan, Attorney General, by James Wallace, Jr., Associate Attorney, for the State.*

*Harrell Powell, Jr., for defendant appellant.*

HIGGINS, Justice.

According to the record and the addendum thereto, the defendant, Johnny Reid, was tried in the district court upon a warrant charging that he unlawfully possessed nine pints of tax-paid liquor for the purpose of sale. After conviction, the court imposed a prison sentence of one year. The defendant appealed to the Superior Court of Forsyth County where he was convicted by the jury. Judge Armstrong imposed a prison sentence of one year and day to two years.

The record discloses that D. R. Wilson, a Winston-Salem police officer, made affidavit that Johnny Reid, manager of a service station located at 850 North Liberty Street in Winston-Salem, had been observed dispensing alcoholic beverages, beer and wine, on the premises; that he did not have a permit for such activity. The officer had information from a reliable informant that alcoholic beverages were being dispensed on the premises. He observed from adjoining property persons drinking wine and beer. He knew the defendant was under a probationary sentence. He had signed a consent that his motor vehicle might be searched without a warrant.

On a proper affidavit a search warrant was issued, authorizing a search "on the premises at 850 North Liberty Street, . . . the same being a Service Distributing Inc. gasoline filling station. . . . The above business establishment is located at 850 North Liberty Street, Winston-Salem, Forsyth County, North Carolina. It is a one-story white cement building painted with a red stripe at the top and a red stripe at the bottom. The service

station is located at the corner of Liberty Street and Chestnut Street . . . . There is a small one-room gray metal out building in the rear southwest corner of the service station with one door facing easterly toward Liberty Street. These buildings are separated by approximately 15-feet in distance. The main service station having the words in bold red letters on the front. 'Service Dist Co Inc.' "

Affiant stated that the defendant had a criminal record in the state and federal courts for liquor violations. The affidavit stated the officer observed alcoholic beverages being consumed on the premises about fifty minutes before the affiant obtained the search warrant. The officer's affidavit was attached to and made a part of the warrant which authorized a search for and the seizure of any alcoholic beverages. The sufficiency of the affidavit and the warrant to authorize a search is not challenged. The defendant's brief states: "In this case the Police had a search warrant which empowered them to search the premises on 850 North Liberty Street, Winston-Salem, North Carolina, on August 17, 1973. They did not have a warrant to search the defendant's automobile."

A search of the buildings resulted in a "water haul" (an empty seine after all the water had drained through the mesh). However, on the described premises was the defendant's 1970 Pontiac automobile with all the windows closed and the doors and the lid to the trunk were locked. No reference to any automobile was made either in the affidavit or the warrant. However, the vehicle was on the premises described in the affidavit and in the warrant. The officers could see several bottles of what appeared to be pills on the dash of the vehicle. Upon a demand by the officers, the defendant opened the lid to the trunk. Concealed therein were nine pints of tax-paid intoxicating liquor.

The pills seized were the subject of another prosecution which resulted in a verdict of not guilty. It may be conceded the appearance of the bottles of pills on the dash was insufficient to authorize a search of the trunk for liquor. Hence, the pills were without material significance in the prosecution on the liquor charge. Also without material significance was the provision of the defendant's probationary sentence in a prior case in which he agreed that his vehicle might be searched without a search warrant. The foregoing appeared in the hearing before the judge on the challenge made to the warrant.

Clearly, the search for liquor on the premises under defendant's control at 850 North Liberty Street was specifically authorized. The defendant's automobile at the time of the search was at its parking place on the lot and, of course, would be under suspicion as a means of carrying supplies for the owner's illegal business which the officers had observed as he was carrying it on. The authority to search described premises would include personal property located thereon. Authority to search a house gives officers the right to search cabinets, bureau drawers, trunks, and suitcases therein, though they were not described. "It has been held that if a search warrant validly describes the premises to be searched, a car on the premises may be searched even though the warrant contains no description of the car." 68 Am. Jur. 2d, Searches and Seizures, § 80, page 735. *Massey v. Commonwealth (Ky.)*, 305 S.W. 2d 755. "[W]here the warrant designates the building on the premises to be searched, it has been held that a search of a motor vehicle parked near the building, and on the same premises, is not an unreasonable search. (Citing authorities.)" 79 C.J.S., Searches and Seizures, § 83 d., page 903.

The defendant's right to be heard in this Court arises from his claim that his constitutional rights under the Fourth Amendment to the Constitution of the United States and under Article 1, Sec. 20, Constitution of North Carolina, were violated by the search of his automobile parked on the lot near the building where his illicit activities had been observed by the officers and the introduction in evidence of the fruits of the search. Constitutional inhibitions are not against all searches and seizures. They are intended to protect against *unreasonable searches and seizures. State v. Ellington*, 284 N.C. 198, 200 S.E. 2d 177.

The alert officer who had observed the goings-on at the defendant's place of business would be justified in concluding the contraband was surreptitiously delivered to the defendant's premises and the likely means of getting it there would be by motor vehicle. He should know, or at least should suspect, that any reserve supply might remain in his locked automobile so that he or his agent, suspecting officer curiosity, could have the vehicle and its contents miles away in a matter of minutes.

In this case there is no evidence the automobile in which the contraband was found was on the lot at the time the officers first had the place under surveillance, or at the time they obtained the search warrant. These considerations emphasize the

wisdom of the cases which hold a search warrant for contraband on specifically described premises, contemplates the search of any automobile belonging to the owner and parked thereon.

We hold that under the circumstances disclosed by the record before us the search and seizure were not unreasonable and did not violate the defendant's constitutional rights. The decision of the Court of Appeals is

Affirmed.