STATE OF NORTH CAROLINA. v. WILLIAM LOGAN

No. 7526SC462

(Filed 1 October 1975)

1. **Searches and Seizures § 4— warrant to search premises — search of vehicle proper**
   The trial court in a prosecution for possession of heroin did not err in allowing testimony with respect to a box and its contents found in the trunk of defendant's automobile which was parked in defendant's driveway, since a search warrant authorized a search of the premises of defendant.

2. **Criminal Law § 88— cross-examination — scope discretionary**
   The scope of cross-examination is largely in the discretion of the trial court, and that discretion was not abused where the trial court allowed the prosecuting attorney to ask defendant who was charged with possession of heroin questions concerning the use of milk sugar in "cutting" heroin.

3. **Criminal Law § 169— testimony elicited by defendant — subsequent similar testimony proper**
   Where defendant first introduced evidence as to the activity of IRS, he could, not thereafter complain of questions concerning IRS put to him by the prosecuting attorney.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 20 March 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 September 1975.

Defendant was charged in a bill of indictment with possession of heroin and pleaded not guilty. Evidence pertinent to this appeal tended to show:

On 28 June 1973, J. H. Bruton of the Charlotte Police Department obtained a search warrant to search defendant's premises at 608 Georgetown Drive, Charlotte, N. C., for controlled substances. Accompanied by other officers, Mr. Bruton went to defendant's premises and in a search of defendant's home found a quantity of heroin and other evidence of narcotics. The officers also searched defendant's automobile which was parked in his driveway at 608 Georgetown Drive. In the trunk of the car they found a box which contained residue of a vegetable type material.

A jury found defendant guilty as charged, and from judgment imposing prison sentence of five years, to begin at expiration of certain sentences then being served, he appealed.

State v. Logan

Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.

Olive, Downer, Williams & Price, by Paul J. Williams, for defendant appellant.

BRITT, Judge.

[1] First, defendant contends the court erred in admitting testimony with respect to the box and its contents found in the trunk of defendant's automobile. He argues that a search of the vehicle was not authorized by the search warrant. We find the contention without merit. In State v. Reid, 286 N.C. 323, 210 S.E. 2d 422 (1974), in a case involving illegal possession of intoxicating liquor, the court held that evidence seized from defendant's car, which was parked on his service station lot, was properly admitted where the officers searched the premise under a valid warrant which described them with particularity but did not specifically refer to the vehicle parked thereon. We think the same rule would apply to this case in which the search was for controlled substances.

Next, defendant contends the court erred "in allowing the Assistant District Attorney to ask irrelevant and prejudicial questions of the defendant." This contention also is without merit.

[2] In the first question challenged by this contention, the prosecuting attorney asked defendant if milk sugar was not used to "cut" heroin and defendant replied that he did not know that. Defendant was then asked if he had ever heard of milk sugar being used to "cut" heroin. Counsel's objection to the question was overruled but the record reveals no answer. It is settled that the scope of cross-examination is largely in the discretion of the trial court, State v. McPherson, 276 N.C. 482, 172 S.E. 2d 50 (1970), and, in view of the testimony, we perceive no abuse of that discretion here.

[3] In the remaining questions challenged here, defendant was asked if Internal Revenue Service (I.R.S.) had not " . . . placed a levy on your possessions . . . " in the amount of $11,000. Defendant's objection to the question was overruled and defendant answered that " . . . [t]hey came out there and talked to me about it." He was then asked, "And the reason they did that was because they had enough evidence to prove you were a drug

dealer and enough money to levy on your possession (sic) in that amount, didn't they?" Defense counsel objected, defendant answered in the negative after which counsel moved for a mistrial. The court sustained the objection, denied the motion for mistrial, and instructed the jury not to consider " . . . at any point in your deliberations the Solicitor's statement as contained in that question. . . . "

The record reveals that on cross-examination of Officer Bruton, defendant elicited testimony showing that on the night of defendant's arrest Bruton searched defendant and took $1990 from him; that the money was not returned to defendant because I.R.S. took it from officers of the Charlotte Police Department. Thus it appears that defendant injected activity of I.R.S. into the evidence. It has been held many times that the admission of evidence over objection where evidence of similar import has been previously introduced without objection ordinarily is not prejudicial error. *State v. Winford,* 279 N.C. 58, 181 S.E. 2d 423 (1971). It is also established that where the court properly withdraws incompetent evidence from the consideration of the jury and instructs the jury not to consider it, any error in its admission is cured in all but exceptional circumstances. 2 Strong, N. C. Index 2d, Criminal Law, § 96, p. 630. While the stated rules do not directly apply to the question presented here, we think they are sufficiently close in point to support our conclusion that no prejudicial error was committed.

Finally, defendant contends the court erred in certain of its instructions to the jury. We have carefully reviewed the jury charge, with particular reference to the portions which defendant contends were erroneous, and conclude that the charge was free from prejudicial error.

No error.

Judges PARKER and CLARK concur.