**Richmond**

BENJAMIN FRANK KEARNEY

v.

COMMONWEALTH OF VIRGINIA

No. 1317-85

Decided May 5, 1987

COUNSEL

James F. Parkinson, III (Smith, Moncure, Blank, Isaacs & Hinton, on brief), for appellant.

Margaret Poles Spencer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.** — Benjamin Frank Kearney seeks reversal of three drug related convictions on the ground that evidence admitted against him at trial was seized in a search which exceeded the scope of a search warrant. We conclude that there was no fourth amendment violation as alleged by Kearney and affirm the convictions.

On April 2, 1985, an informant made a "controlled drug buy" from Kearney of a small plastic bag containing cocaine. After leaving Kearney's residence with the cocaine, the informant reported that he believed Kearney concealed his narcotics somewhere in the backyard adjoining the house. Based upon an ongoing investigation and the informant's information, a warrant was obtained for the search of "the dwelling, including curtilage located at 3407 Keighly Road" for cocaine and paraphernalia associated with its distribution.

On the day following the controlled buy, City of Richmond Detectives Fleming and Evans and F.B.I. agent Sheehan went to Kearney's residence to execute the warrant. Fleming and Evans positioned themselves in a lot to the rear of the residence while Sheehan telephoned and asked Kearney to meet him at a nearby school. Following the telephone call, Kearney exited through a rear door of the house, went to the front of a pickup truck parked in the backyard, placed something at bumper level, and drove off in his car. When Kearney arrived at the school, he was arrested

on outstanding warrants for traffic violations and check fraud. He was informed that a warrant had been issued to search his residence and was returned to his residence.

Evans and Fleming removed from the front bumper of the pickup truck a brown leather pouch containing tin foil packets of cocaine and heroin. They also searched the bed of the truck and discovered a black briefcase containing measuring spoons, heroin, a propane tank, and an agent commonly used in cutting cocaine for distribution. A search of the interior of the residence revealed assorted drug paraphernalia, including measuring scales and a glass tube used for inhaling cocaine.

Kearney then was arrested on drug charges and, after being advised of his rights, admitted owning the leather pouch and the briefcase. He also answered questions pertaining to the quantity of narcotics in the pouch and the method he used in cutting the cocaine. In addition, Kearney described his personal use of the drugs.

Prior to trial on indictments for possession of cocaine and heroin with the intent to distribute and for possession of drug paraphernalia, Kearney moved to suppress the evidence taken from the pickup truck, alleging that it was seized in violation of the fourth amendment because the police did not have a warrant authorizing the search of the truck. He also contended that statements he made following his arrest were inadmissible against him under the "fruit of the poisonous tree" doctrine. The trial judge denied the motions and, following a bench trial, convicted and sentenced Kearney to 12 months in jail for the possession of drug paraphernalia, and for each of the felony drug charges to 12 years in the penitentiary and a fine of $500. In this appeal, Kearney does not contest the validity of the search warrant, but, rather, contends that the searches of the truck and the briefcase found in the truck exceeded the permissible scope of the search authorized by the warrant. We disagree.

The permissible scope of a search is limited by the terms of the warrant pursuant to which it is conducted. *See Walter v. United States*, 447 U.S. 649, 656 (1980); *see also United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir. 1985); *United States v. Rackley*, 742 F.2d 1266, 1270-71 (11th Cir. 1984). However, the facts of this case leave no doubt that the search of the truck and

the briefcase fell within the warrant's authorization to search "the dwelling, including curtilage located at 3407 Keighly Road." Generally, the curtilage appurtenant to a dwelling may be described as the "space necessary and convenient, habitually used for family purposes and the carrying on of domestic employment; the *yard*, garden or field which is near to and used in connection with the dwelling." *Patler v. Commonwealth*, 211 Va. 448, 451, 177 S.E.2d 618, 620 (1970), *cert. denied*, 407 U.S. 909 (1972) (quoting *Bare v. Commonwealth*, 122 Va. 783, 795, 94 S.E. 168, 172 (1917)) (emphasis added); *see Oliver v. United States*, 466 U.S. 170, 180 (1984) ("At common law, the curtilage is the area to which extends the intimate activity associated with the 'sanctity of a man's home and the privacies of his life.' ").

The truck was located in the backyard, which was enclosed by a fence, and was within twenty feet of the residence. Additionally, the truck was variously described as "broken down," "not mobile," and "inoperable," and as having been in that condition for some time. Given these facts, we conclude that the truck was located within the curtilage of the dwelling and that the warrant authorizing a search of "the dwelling, including curtilage" authorized a search of the truck. *See United States v. Dunn*, 55 U.S.L.W. 4251, 4253 (March 3, 1987)(discussion of factors which bear upon curtilage questions); *United States v. Percival*, 756 F.2d 600, 612 (7th Cir. 1985); *United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir.), *cert. denied,* 429 U.S. 920 (1976); *Bellamy v. State*, 134 Ga. App. 340, 341, 214 S.E.2d 383, 384 (1975); *State v. Reid*, 286 N.C. 323, 326, 210 S.E.2d 422, 424 (1974); *State v. Logan*, 27 N.C. App. 150, 151, 218 S.E.2d 213, 214-15 (1975).

■ Furthermore, the searches of the closed containers found in the bumper and in the bed of the truck were within the mandate of the warrant. A lawful search of premises described in a warrant "extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *United States v. Ross*, 456 U.S. 798, 820-21 (1982); *see also Boggs v. Commonwealth*, 229 Va. 501, 510-11, 331 S.E.2d 407, 415 (1985), *cert. denied*, 475 U.S. 1031 (1986). "[A] search may be as extensive as reasonably required to locate the items described in the warrant." *United States v. Wuagneux*, 683 F.2d 1343, 1352

(11th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983).

Because the evidence was seized during a search authorized by a warrant, the validity of which is not contested, the admission of that evidence was not violative of Kearney's fourth amendment rights. Furthermore, assuming but not deciding the appropriateness of Kearney's "fruit of the poisonous tree" argument, our conclusion that the searches were lawful necessarily disposes of Kearney's contention that the statements were inadmissible because they were tainted by the search. Accordingly, the convictions are affirmed.

*Affirmed.*

Baker, J., and Keenan, J., concurred.