COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Elder
Argued at Norfolk, Virginia


WALTER LEE CHERRY, JR.

v.          Record No. 1458-93-1                 OPINION
                                        BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                     OCTOBER 10, 1995

             FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Jerome B. Friedman, Judge

             Besianne Tavss Shilling (John R. Fletcher; Tavss,
             Fletcher, Earley & King, P.C., on briefs),
             for appellant.

             Kathleen B. Martin, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on brief),
             for appellee.


        Walter Lee Cherry (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Virginia Beach

(trial court) for possession of more than five pounds of

marijuana with intent to distribute.  Appellant entered a plea of

guilty, conditioned upon his right to appeal the trial court's

refusal to suppress the evidence admitted as a result of a

previous panel decision.[1]

        Appellant concedes that the evidence presented at the trial

from which this appeal emanates is the same as was before the

trial court in the prior case.  The record discloses that on

November 6, 1991, Detective A. B. Byrum (Byrum) of the Virginia

Beach Police Department received information from a special agent

_____

        [1]Commonwealth v. Cherry, Record No. 1249-92-1, referred to
herein as the "prior case."

of the United States Customs Service that a suspected package of marijuana was being shipped via United Parcel Service (UPS) to Walter Lee Cherry at 3021 Gentry Road, Virginia Beach, Virginia. That address is appellant's home.

When the package arrived at the Virginia Beach UPS office, the police were advised. A trained narcotics search dog was taken to that office and alerted on the package. Pursuant to the dog's alert, a warrant to search the package was procured. The package was opened, searched, and numerous individual bags of marijuana were found. The package was resealed and a second warrant was obtained that gave the following authorization to search appellant's premises:

> To Detective A. B. Byrum:
> You are hereby commanded in the name of the Commonwealth to forthwith search either day or night 3021 Gentry Road, Virginia Beach, Virginia for the following property, objects and/or persons: Marijuana.

The warrant, being anticipatory, contained the further proviso that "UPON DELIVERY OF SAID PACKAGE, EXECUTION OF THIS SEARCH WARRANT IS GRANTED."

On November 7, 1991, the package was delivered to 3021 Gentry Road, Virginia Beach, Virginia by Virginia Beach Detective Duane Hart (Hart), who posed as a UPS delivery person. Hart verified the delivery to Byrum, who was waiting outside appellant's house with Agent Saunders of United States Customs, and Virginia Beach Police Officers Houston, Mills, Kurrle, Stafford, Crayle, Santos, and Hart. The officers then proceeded

to execute their search as had been planned.  When they received no response to a knock, the officers pushed the door open and entered the premises.  Within a matter of seconds after the entry, the package was recovered, unopened, in a downstairs bedroom.  The house was quickly secured.

Each officer was assigned an area of the house to search. In addition to the package, the search revealed two sets of scales, plastic baggies, packaging material, and a small additional amount of marijuana in an upstairs bedroom.  A laboratory analysis revealed that the substance in the package was marijuana, weighing in excess of five pounds.

On March 2, 1992, appellant was indicted for possession of more than five pounds of marijuana with intent to distribute.  In the prior case, he filed a motion to suppress all the evidence found in the house, alleging that the evidence had been obtained during an illegal search and seizure of his house on November 7, 1991.  In that case, the trial court denied the general motion to suppress all the evidence found in appellant's house but sustained that portion of the motion that dealt with the evidence found in the bedroom after the UPS package had been discovered. From that decision, the Commonwealth appealed and in a prior memorandum opinion,[2] we reversed the trial court's order suppressing evidence found incident to execution of the anticipatory search warrant and remanded the case to the trial

_____

[2]See supra note 1.

- 3 -

court for such further proceedings as the Commonwealth may be advised.

On March 17, 1993, appellant entered a plea of guilty, conditioned upon his right to appeal. As noted, appellant concedes that the evidence reviewed by this Court in its November 3, 1992 opinion is the same as presented at the trial from which this appeal emanates. Appellant contends that the anticipatory search warrant limited the search to the package delivered, and that the police exceeded the scope of the warrant in conducting a general search of the premises for marijuana. These are the same arguments previously made in opposition to the Commonwealth's appeal of the suppression ruling.

**I.**

Citing Commonwealth v. Burns, 240 Va. 171, 395 S.E.2d 456 (1990), the Attorney General argues that because a panel of this Court previously decided that the evidence discovered during the search of appellant's residence after the UPS package had been found should not have been suppressed, appellant is by the doctrine of stare decisis barred by that panel's decision from raising that issue again in the appeal before us. We disagree. The rule of stare decisis controls only "if the parties are different, though the question be the same." Steinman v. Clinchfield Coal Corp., 121 Va. 611, 623, 93 S.E. 684, 688 (1917). The parties on this appeal are not strangers to the

record of the interlocutory appeal.[3]  Moreover, in <u>Satchell v.</u>
<u>Commonwealth</u>, 20 Va. App. 641, 460 S.E.2d 253 (1995) (<u>en banc</u>),
we specifically found that in an <u>en banc</u> proceeding an appellant
is entitled to have the full Court "reconsider an issue which was
the subject of the pretrial appeal."  <u>Id.</u> at 647, 460 S.E.2d at
256 (quoting Code § 19.2-409).

## II.

The magistrate may draw from the information presented by
the affiant reasonable inferences that are based upon objective
facts which will justify the issuance of the warrant.  <u>Boyd v.</u>
<u>Commonwealth</u>, 12 Va. App. 179, 186, 402 S.E.2d 914, 918 (1991).
On appeal, the magistrate's determination of probable cause will
be given great deference.  <u>Williams v. Commonwealth</u>, 4 Va. App.
53, 68, 354 S.E.2d 79, 87 (1987).  Nothing in the record suggests
that the magistrate intended to issue a warrant to search only
for the UPS package.  The evidence known to the police officers
and conveyed to the magistrate was that a substance inside the
package was alerted upon by the trained narcotics dog and found
to be marijuana packaged in numerous individual baggies.  With
that information, the magistrate issued a second warrant to
search appellant's house for marijuana, limited only to the time
the search was to begin.

Appellant argues that the words "said package" limit the

---

[3]Whether the doctrine of <u>res judicata</u> or law of the case can be
invoked is not before us as the Commonwealth did not raise those
issues.

- 5 -

scope of the search to the package of marijuana. We disagree. The anticipatory language of the warrant limited only the time at which the search could begin. The warrant did not command a search for "a package containing marijuana," or other words to the same effect which might have limited the scope of the search. Moreover, the "said package" contained more than five pounds of marijuana with an estimated value of $11,000. That large amount gave the police reasonable cause to suspect, and gave probable cause for the magistrate to find, that appellant probably was involved in marijuana distribution and that more evidence might be found in other parts of the house. See Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 338 (1987) (possession of controlled substance in quantity greater than that ordinarily possessed for one's personal use sufficient to establish intent to distribute).

A search warrant is valid if it describes with specification the places to be searched and the items to be seized. Code §§ 19.2-53, -56. Here, appellant's address was identified in the warrant as the place to be searched, and "marijuana" was specified as the item to be seized. The warrant issued by the neutral magistrate specifically described the premises to be searched as the place that was searched. It defined the substance to be searched for as "marijuana." That is the substance that the officers clearly had probable cause to suspect would be concealed on the premises. A search is not invalid

merely because officers seize items not named in the warrant.

See <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971).

> A lawful search of premises described in a warrant "extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search."

<u>Kearney v. Commonwealth</u>, 4 Va. App. 202, 205, 355 S.E.2d 897, 899 (1987) (quoting <u>United States v. Ross</u>, 456 U.S. 798, 820–21 (1982)).

We hold that the warrant permitted a search of the entire premises for marijuana, and that the only limitation relevant to this appeal was the time at which the search could begin.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

Elder, J., dissenting.


I respectfully dissent because I believe the search of appellant's house exceeded the scope of the anticipatory search warrant and was unreasonable under the fourth amendment. I would therefore reverse the conviction.

As Satchell v. Commonwealth, 20 Va. App. 641, 460 S.E.2d 253 (1995) (en banc), indicates, we must review this issue in the light most favorable to appellant. This is so because the trial court ruled in appellant's favor on the suppression issue after making findings that "constitute[d] the factual predicate to which we must apply our legal analysis." Id. at 648, 460 S.E.2d at 256.

The record reveals the police obtained an anticipatory search warrant from the magistrate. "An anticipatory search warrant is defined as 'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.'" McNeill v. Commonwealth, 10 Va. App. 674, 677 n.1, 395 S.E.2d 460, 462 n.1 (1990) (quoting 1 W. LaFave, Search and Seizure § 3.7(c), at 698 (1978)). I agree with the majority that there was probable cause to believe the package of marijuana would be located at appellant's premises at the time the search was executed. See id. at 680, 395 S.E.2d at 463-64.

However, I do not agree with the majority concerning the lawful scope of the search. "The permissible scope of a search

is limited by the terms of the warrant pursuant to which it is conducted." Kearney v. Commonwealth, 4 Va. App. 202, 204, 355 S.E.2d 897, 898 (1987). In this case, the warrant provided "upon delivery of said package, execution of this search warrant is granted." The only basis for the issuance of the warrant was the delivery of the specific package of marijuana. Once the package was found, any further search by police was unreasonable and unconstitutional. See Horton v. California, 496 U.S. 128, 140 (1990). The record reveals police testimony to support this conclusion. Detective Byrum, who was in charge of the search, testified that the warrant was invalid until the package was delivered and that the package was the sole object of the search.

In my opinion, the majority misinterprets the authority conferred by the warrant. First, the majority improperly concludes that the anticipatory language limited only the time at which the search could begin. Second, the majority ignores the specific limiting language of the warrant and the facts in the underlying affidavit. It is true that the warrant states that "[t]he things or persons to be searched for are . . . marijuana." However, under the majority's approach, the warrant is reduced to an unconstitutional "general warrant" that fails to particularly describe the objects to be seized. See Morke v. Commonwealth, 14 Va. App. 496, 419 S.E.2d 410 (1992) (stating general warrants are proscribed by both the fourth amendment and Code § 19.2-54).

There are no applicable exceptions that would validate the seizure of objects other than the package.  The items seized from the upstairs room at least thirty minutes after the package was found were not in plain view, see Cantrell v. Commonwealth, 7 Va. App. 269, 282, 373 S.E.2d 328, 334 (1988), and the actions of the police did not fall under the so-called "good faith" exception. See McCary v. Commonwealth, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984).  Viewed in the light most favorable to appellant, the police officers could not reasonably have believed that they were authorized to search the entire house for any and all marijuana found therein.  Officer Byrum's testimony belies such an assertion, as he specifically stated the sole object of the search was the delivered package.  See generally United States v. Leon, 468 U.S. 897 (1984); Atkins v. Commonwealth, 9 Va. App. 462, 389 S.E.2d 179 (1990).

Therefore, I would reverse appellant's conviction because the police exceeded their authority to search.