COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Kelsey and Alston
Argued by teleconference


RONALD RAY BURGESS

MEMORANDUM OPINION[*] BY
v.      Record No. 0853-13-1          JUDGE ROBERT P. FRANK
MARCH 11, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

Antoinette E. Tucker, Deputy Public Defender (Office of the Public
Defender, on briefs), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Ronald Ray Burgess, appellant, was convicted in a bench trial of grand larceny in violation

of Code § 18.2-95.[1] On appeal, appellant contends the trial court erred in denying his motion to

suppress because the police had no probable cause to seize the laptop computer and its contents.

For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

When we consider a trial court's ruling on a suppression motion, "'we view the evidence in

the light most favorable to the prevailing party below, the Commonwealth in this instance,' and this

Court's 'review of the record includes evidence adduced at both the trial and the suppression

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Upon the trial court denying his motion to suppress, appellant entered a conditional plea
of guilty pursuant to Code § 19.2-254.

hearing.'" Fauntleroy v. Commonwealth, 62 Va. App. 238, 244, 746 S.E.2d 65, 68 (2013) (quoting Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994)).

Franklin City Police Officer Justin Schumer investigated two incidents involving possible larcenies from vehicles both located in the parking lot of the City's fire department. On the first incident, appellant matched the description of the perpetrator. Nothing was taken in the first incident. However, on July 12, 2012, a man identified as appellant took a black and yellow toolbox containing, among other things, a rusty red wrench, out of a truck in the parking lot.

Schumer was also aware of another larceny from a truck in the fire department parking lot where magnetic trailer lights were taken. These lights were round and 3" in diameter.

Officer Schumer then obtained a search warrant for appellant's residence,[2] which authorized a search for "[a] black and yellow tool box containing tools, to include a rusty wrench with a red handle [and] a set of magnetic flashing lights."

As Schumer entered appellant's residence to execute the search warrant, he noticed the apartment was "extremely cluttered" and in "complete disarray" except for five items neatly arranged side by side in the middle of the living room, one of which Schumer immediately identified as the stolen yellow toolbox listed in the search warrant.

While searching for the trailer lights, Officer Schumer looked into a brown computer bag, which was one of the "lined up" items, and found a name badge for a "Mr. Bittick" in a side pocket. The side pocket was large enough to hold the stolen magnetic lights. The badge also had a photo of someone other than appellant. Schumer also found a laptop computer in the bag. He still had not found the trailer lights. Schumer believed that the five items – the laptop bag and its contents, the yellow toolbox, other tools, and a 69-piece emergency roadside kit – had been stolen, based on their

---

[2] Appellant does not challenge the legality of the search warrant.

location in the apartment and the fact that all of the items were things people would typically leave in their vehicles.

Schumer inventoried the items and took them to police headquarters. There, he found the computer's serial number. He also contacted Mr. Bittick, who confirmed the theft of the computer.

The trial court, in denying the motion to suppress, found the officer had probable cause to seize the computer and its contents under the plain view doctrine.

This appeal follows.

## ANALYSIS[3]

Appellant correctly states that the computer and its contents, including the computer's serial number which was found at the police station,[4] were not listed in the search warrant and, therefore, the search warrant cannot form the basis for the seizure of the computer. Specifically, appellant contends the police had no probable cause to seize the computer; thus, he argues, the plain view doctrine does not authorize the seizure.

The following standards apply to our review of this issue.

> In reviewing a trial court's denial of a motion to suppress, the burden is upon [the appellant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error. Ultimate questions of reasonable suspicion and probable cause to make a warrantless search involve questions of both law and fact and are reviewed *de novo* on appeal. In performing such analysis, we are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them . . . . We analyze a trial judge's determination whether the Fourth Amendment was implicated by applying *de novo* our own legal analysis of whether based on those facts a seizure occurred.

---

[3] While the Commonwealth argues appellant had no expectation of privacy in stolen goods, we need not address this issue because of our disposition of the case.

[4] The serial number was clearly seized when the computer was originally seized.

Lawrence v. Commonwealth, 40 Va. App. 95, 99-100, 578 S.E.2d 54, 57 (2003) (quoting McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*) (footnote, quotation marks, and citations omitted)).  As such, this Court will defer to the trial court's factual findings, but we will independently determine whether the manner in which evidence was obtained meets the requirements of the Fourth Amendment.  McCain v. Commonwealth, 275 Va. 546, 551-52, 659 S.E.2d 512, 516 (2008).

Our inquiry is whether the plain view exception to the search warrant requirement applies here.[5]  The plain view doctrine "provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment."  Texas v. Brown, 460 U.S. 730, 738 (1983).  Under this doctrine, if an officer is in a location legitimately and sees in plain view what he has probable cause to believe is either contraband or evidence of a crime, he may seize that item without violating the Fourth Amendment.  Shearer v. Commonwealth, 9 Va. App. 394, 403, 388 S.E.2d 828, 832 (1990).

The United States Supreme Court has established three requirements that must be met before the plain view doctrine applies:  "1) that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, 2) that the incriminating character of the evidence must be immediately apparent, and 3) that the officer have a lawful right of access to the object itself."[6]  Vaughn v. Commonwealth, 53 Va. App. 643, 648, 674 S.E.2d 558,

---

[5] We note that appellant's assignment of error is limited to the seizure, not the search of the laptop.  Therefore, pursuant to Rules 5A:12(c)(1) and 5A:20(c), we will not address the legality of the search.  See Fox v. Fox, 61 Va. App. 185, 202-03, 734 S.E.2d 662, 670 (2012) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)).

[6] Appellant does not contest the first or third prongs of the plain view doctrine.

560 (2009) (citing Horton v. California, 496 U.S. 128 (1990)).  Further, if "the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object – i.e., 'if its incriminating character [is not] immediately apparent,' . . . the plain-view doctrine cannot justify its seizure."  Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) (emphasis omitted) (quoting Horton, 496 U.S. at 136) (citing Arizona v. Hicks, 480 U.S. 321 (1987)).

At trial, appellant argued that this case was analogous to Hicks, 480 U.S. 321, in which the United States Supreme Court affirmed a judgment granting appellant's motion to suppress due to a Fourth Amendment violation.  In that case, the Court held that the plain view exception did not apply.  However, this case is easily distinguished from Hicks.

In Hicks, police responded to appellant's apartment after a report of a shooting.  Id. at 323.  While in the apartment, they noticed expensive stereo equipment that seemed out of place.  An officer moved the equipment to read the serial numbers, and after calling in the serial numbers to the police station, he determined the stereo equipment was stolen.  Id.  The trial court granted appellant's motion to suppress, and the appellate court affirmed.  The Supreme Court agreed and noted that the officer had only reasonable suspicion and lacked probable cause to believe the stereo equipment was stolen.  Therefore, the probable cause prong of the plain view doctrine was not met.  Id. at 354-55.

In the case before us, the circumstances are completely different.  Police responded to appellant's home after two recent reports of theft.  Appellant answered the door wearing a shirt that matched the description given by the victim.  The victim then drove by and identified appellant.  Police then arrested appellant and obtained a search warrant to look for stolen property.  While executing that warrant, Officer Schumer noticed that most of the apartment was in disarray, with the exception of five items lined up neatly.  Schumer immediately observed that one of those items was the stolen toolbox, which had been specifically mentioned in the warrant.  Then, while he was

searching for the small trailer lights, Officer Schumer looked in a computer bag.[7] This was appropriate, as the computer bag was large enough to hold the trailer lights and was lined up with the other neatly arranged items in appellant's otherwise messy apartment. In the computer bag, Schumer found a name badge for someone other than appellant. At that point, Officer Schumer had probable cause to conclude that the items in the computer bag did not belong to appellant. Further, the factfinder could reasonably infer that the five items lined up together were all stolen, particularly because the laptop bag did not belong to appellant.

While we note that "[t]he permissible scope of a search is limited by the terms of the warrant pursuant to which it is conducted," Kearney v. Commonwealth, 4 Va. App. 202, 204, 355 S.E.2d 897, 898 (1987), the "search is not invalid merely because officers seize items not named in the warrant," Cherry v. Commonwealth, 21 Va. App. 132, 138-39, 462 S.E.2d 574, 577 (1995) (citing Coolidge v. New Hampshire, 403 U.S. 443 (1971)).

In this case, the evidence seized was discovered during a search authorized by a warrant, and the validity of the warrant is not before us on appeal. The warrant described with particularity the items for which appellant's residence was to be searched. While searching in appellant's apartment for the stolen trailer lights, Officer Schumer observed and properly seized a laptop bag. Although appellant's residence was in disarray, the laptop bag was neatly arranged with a few other items, one of which was a stolen toolbox listed in the warrant. Once he discovered identification in the bag for someone other than appellant, Schumer had probable cause to believe that the laptop bag and its contents had been stolen. Therefore, the trial court appropriately applied the plain view doctrine to deny appellant's motion to suppress.[8]

---

[7] Appellant does not contest the search of the laptop bag.

[8] On brief, the Commonwealth raised the issues of inevitable discovery and "right for the wrong reason," but we do not reach those issues, as we decided this appeal on the plain view doctrine.

## CONCLUSION

The trial court properly denied appellant's motion to suppress, because officers were in appellant's apartment pursuant to a valid warrant, and the evidence was lawfully seized under the plain view doctrine.  Therefore, we will uphold the trial court's denial of appellant's motion and affirm appellant's conviction.

<u>Affirmed.</u>