COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Richmond, Virginia


TRAVIS JEROME FELTON
                                                            OPINION BY
v.        Record No. 2605-08-1            JUDGE ELIZABETH A. McCLANAHAN
                                                            MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

        John E. Robins, Jr. (Office of the Public Defender, on brief), for
        appellant.

        Rosemary V. Bourne, Assistant Attorney General (William C.
        Mims, Attorney General, on brief), for appellee.


        Travis Jerome Felton appeals from his convictions for possession of cocaine and possession

of marijuana.  He contends the trial court erred in denying his motion to suppress the narcotics

discovered pursuant to an "all persons present" clause in a search warrant on the ground the warrant

was "stale" when it was executed by police.[1]  We affirm the judgment of the trial court.

                                I.  BACKGROUND

        Detective Wayne Roberts of the Special Investigations Unit (SIU) for the Hampton

Police Department obtained a warrant allowing police to search all persons present at an

apartment based on the following affidavit:

        In the past seventy-two hours, a reliable confidential informant advised
        this affiant that he/she was present inside apartment 1 of a multi-family
        apartment building located at 113 Turret Lane, Hampton, Virginia.[2]

_____

        [1] Felton does not challenge the issuance of the warrant, only its execution.

        [2] The summons for the arrest of Felton indicated his residential address was "113 Turret
Lane, Apt. 1, Hampton, Va."

While at the said location, the reliable confidential informant observed the sale of marijuana.  The reliable confidential informant stated that he/she observed an unknown white male known only as "Eric" who is described as 6'0" tall, 210 pounds, 25 to 28 years old, with goatee type facial hair, selling marijuana.  The informant advised that all other persons present were possessing, attempting to possess or using marijuana.  The informant stated that when he/she left the apartment, approximately one ounce of marijuana was still present.[3]

The search warrant was issued on October 6th and stated the officers were authorized to "forthwith search" for marijuana and other related paraphernalia "a multi-family apartment building located at 113 Turret Lane, Hampton, Virginia, the apartment to be searched is apartment 1, also an unknown white male known only as 'Eric' who is described as 6'0" tall, 210 pounds, 25 to 28 years old, with goatee type facial hair and all other persons present."

The warrant was executed October 18th, twelve days after its issuance. At the hearing on the motion to suppress, Detective Roberts produced a log of the SIU's activities to account for the time between the issuance of the warrant and its execution.  On October 17th, SIU conducted surveillance at the Turret Lane apartment but terminated their surveillance after "[Eric] was seen leaving" with a large group of people and did not return.  On October 18th, the police executed the search warrant and recovered marijuana and cocaine from Felton in addition to seventeen bags of marijuana and digital scales in the apartment.

## II.  ANALYSIS

Felton contends the information contained in the affidavit was "too stale" to justify an "all persons present" search at the time the search was executed because "no reasonable person could have concluded that all of the persons who had been present at the time of the observation of the informant had remained on the premises."

---

[3] Detective Roberts testified regarding the normal quantity sold from one ounce and confirmed it was of a sufficient quantity for continued sale.

Pursuant to Code § 19.2-56, a search warrant "shall command that the place be forthwith searched," as the warrant for the Turret Lane apartment directed.[4] The "forthwith" requirement "is intended to 'define[] the policy of the Commonwealth that search warrants be executed as soon as reasonably practical [and] while probable cause continues to exist.'" Maye v. Commonwealth, 44 Va. App. 463, 477, 605 S.E.2d 353, 360 (2004) (quoting Turner v. Commonwealth, 14 Va. App. 737, 740, 420 S.E.2d 235, 237 (1992)). Thus, while the statute codifies the constitutional mandate that probable cause exist when the search warrant is executed, it goes further and requires that the officers execute the warrant "with reasonable dispatch and without undue delay." Id. (internal quotation marks and citation omitted). Accordingly, search warrants must be executed "forthwith," as required by the statute, and before probable cause has dissipated, as required by the Fourth Amendment. Id. at 477-78, 605 S.E.2d at 360.

Felton does not argue the officers failed to execute the warrant "with reasonable dispatch and without undue delay" but contends the officers failed to execute the warrant before probable cause dissipated because no reasonable person would conclude the same individuals observed by the informant would still be present in the apartment when the warrant was executed.[5] When a challenge is made to the continued existence of probable cause to support execution of a warrant, the proper issue for determination is whether a delay between the warrant's issuance and execution has somehow vitiated the probable cause that existed when the warrant was issued. Maye, 44 Va. App. at 480, 605 S.E.2d at 362. In determining whether probable cause dissipated

[4] Code § 19.2-56 also requires that search warrants be executed within fifteen days. The warrant to search the persons present at the Turret Lane apartment was clearly executed within this time frame, and Felton does not contend otherwise.

[5] Because Felton's argument is based solely on whether probable cause dissipated, it is unnecessary to discuss the activities of the SIU set forth in the log produced by Detective Roberts or determine whether the warrant was executed "as soon as reasonably practicable" in consideration of competing law enforcement interests or reasonable police investigative practices. See Maye, 44 Va. App. at 478-80, 605 S.E.2d at 360-62.

to execute the Turret Lane apartment warrant, our analysis would be based on whether the criminal activity described in the affidavit was of a continuing nature.  Turner, 14 Va. App. at 745, 420 S.E.2d at 239-40. [6]  But, at oral argument, Felton conceded probable cause to search the apartment still existed.  Thus, the proper issue for our consideration was not raised by Felton, but in fact conceded by him.

With regard to the identity issue Felton did raise, the warrant did not specify that police search only those same individuals observed by the informant.  Rather, the warrant allowed police to search an individual known as "Eric" and "all other persons present" without regard to their identity.[7]  Because Felton has failed to challenge the probable cause supporting the magistrate's determination that anyone present at the apartment would be engaged in drug activity, we must presume that the warrant was lawfully issued.  See Lebedun v. Commonwealth, 27 Va. App. 697, 711, 501 S.E.2d 427, 434 (1998) (presumption of validity attaches to a search conducted by police pursuant to a warrant issued by a magistrate).  Thus, the officers were justified in doing exactly what the warrant commanded – searching all persons present in the apartment.

---

[6] "[W]e have held that 'the selling of drugs, by its nature, is an ongoing activity.'" Whitaker v. Commonwealth, 37 Va. App. 21, 30, 553 S.E.2d 539, 543 (2001) (quoting Turner, 14 Va. App. at 746, 420 S.E.2d at 240).

[7] Felton's argument is premised upon a misunderstanding of the justification for an "all persons present" warrant.  Determining whether probable cause exists to support the issuance of an "all persons present" warrant does not depend on the identity of the individuals but whether "the information in the affidavit support[s] a finding of probable cause that those persons present in the private residence would be engaged in criminal activity."  Morton v. Commonwealth, 16 Va. App. 946, 951, 434 S.E.2d 890, 893 (1993).  This is so because the individuals to be searched are identified "by physical nexus to the on-going criminal event itself."  New Jersey v. De Simone, 288 A.2d 849, 850 (N.J. 1972).  "So long as there is good reason to suspect or believe that anyone present at the anticipated scene will probably be a participant, *presence* becomes the descriptive fact satisfying the aim of the Fourth Amendment."  Id. (emphasis added).

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>